(43 App. Div. 411.)

ALDRIDGE et al. v. ALDRIDGE et al.

(Supreme Court, Appellate Division, Second Department.   October 3, 1899.)

WILLS—CONSTRUCTION—DEATH OF DEVISEE BEFORE TIME OF DISTRIBUTION.
     Where a testator directs all his property to be divided among his children, except a portion, which his executors are to hold during his widow's life, and on her death sell and divide the proceeds among his children, the shares in such proceeds of those children who die prior to the demise of the widow are not devested by their death, but pass to their personal representatives, since the estate, other than that reserved to the widow, vested in testator's living children at his death, and the direction as to the division of the proceeds of such reserved portion contemplated its distribution among the same children.

Appeal from special term, Dutchess county.

Action by Aaron E. Aldridge and another, individually and as executors of the will of Thomas Aldridge, deceased, against Thomas Aldridge, as executor of the will of William H. Aldridge, deceased, and others, for a judicial construction of the will of Thomas Aldridge, deceased.   From a judgment entered on a decision of the court at special term, Grace B. Aldridge and others appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Allison Butts and John Hackett, for appellants.
Fred E. Ackerman, for respondents.

CULLEN, J.   This action is to obtain a judicial construction of the will of Thomas Aldridge, deceased.   The question presented on this appeal arises under the third and fourth clauses of the will, and is whether under those clauses the remainder to a child of the testator is subject to be devested by the death of the child before the time of distribution.   By the preceding clauses of the will the testator directed his executors to convert all his real and personal property, with the exception of his brickyard, into money, and to divide the proceeds, after the payment of his debts, among his eight named children "equally, share and share alike, the child or children of any deceased child to take its parent's share."   By the third clause the testator gave his brickyard property to his executors in trust during the life of his widow, to receive the rents and income, and out of the same to pay the widow an annuity of $1,000; the surplus, if any, to be divided between his said children "heretofore particularly named, equally, share and share alike, the child or children of any deceased child to receive its parent's share."   By the fourth clause he directed his executors upon the death of his widow to sell the brickyard property, and "to divide the proceeds arising from said sale, together with all money or moneys belonging to my said estate, equally among all my heretofore named children, share and share alike, the child or children of any deceased child to take its parent's share."   The general rule is, as claimed by the learned counsel for the appellants, that where there is no present gift, but a mere direction to divide at a future time a fund then to come into existence, futurity is of the substance of the gift, and the legatee, to take the legacy, must survive the time of distribution.   Warner v. Durant,

76 N. Y. 133; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; In re Baer, 147 N. Y. 348, 41 N. E. 702; In re Brown, 154 N. Y. 313, 48 N. E. 537. The rule, however, has many exceptions. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Tienken, 131 N. Y. 391, 30 N. E. 109; In re Young, 145 N. Y. 535, 40 N. E. 226; Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619. In the present case the only gift of the brickyard property is the direction to the executors to divide its proceeds upon the death of the widow. If this direction stood alone, the case would fall within the general rule; but the direction is to divide the proceeds of the brickyard property, "together with all money or moneys belonging to my said estate." It is conceded by the counsel for the appellants, and could not well be questioned, that the estate other than the brickyard vested in the testator's children living at his death, not subject to be devested in any contingency whatever; the substitution of children for their parents referring only to the case of death during the life of the testator. The direction to divide in the fourth clause of the will evidently contemplated that the distribution of the proceeds of the brickyard property should be among the same persons as those among whom the remainder of the estate was to be divided, and in the same shares. This, in our opinion, takes the case without the general rule; and we hold that the shares of those children of the testator who died prior to the decease of the widow were not devested by such death, but passed to their personal representatives.

The judgment of the special term should be affirmed, with costs to all parties to be paid out of the estate. All concur.