(43 App. Div. 591.)

### COX v. WISNER et al.

(Supreme Court, Appellate Division, Second Department. October 17, 1899.)

WILL—CONSTRUCTION.
  A will directed that on the death of the testator's wife property willed to her for life should go to such of his children "as shall then be living, and the lawful issue of such as may then be dead, equally (taking by representation), as tenants in common." *Held*, that only those children and the issue of deceased children who outlived the widow would take.

Action by Anna M. Cox against Julia A. Wisner and another. Case submitted on admitted facts. Judgment for defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Shedd, for plaintiff.
Charles H. Otis, for defendant.

WILLARD BARTLETT, J. In this controversy the court is called upon to determine what is the proper construction of a portion of the will of John Cox, a resident of the city of Brooklyn, who died in the year 1863. The first item of the will provides, among other things, as follows:

"I give, devise, and bequeath to my wife, Margaret K. Cox, the dwelling house and lot of ground where I at present reside, situated on the southeasterly corner of Henry and Amity streets, Brooklyn, together with one lot adjoining the aforesaid lot in the rear, and fronting on Amity street, known as 'Number One Hundred and Twenty-Five (No. 125) Amity Street,' for and during the term of her natural life."

In the second item of the will, referring to the same property, we find this further provision:

"I give and devise unto my eldest son, Alfred H. Cox, the aforesaid two lots of ground and dwelling house in remainder, to have and to hold the said two lots of ground and dwelling house from and after the decease of my said wife, to him my said son, his heirs and assigns, forever; but in case my said son should die before the decease of my said wife, without lawful issue living at the time of his death, then the said two lots and dwelling house to go, upon the

decease of my said wife, to such of my children as shall then be living, and the lawful issue of such as may then be dead, equally (taking by representation), as tenants in common."

The son Alfred H. Cox, thus named as the first to take the estate in remainder, died, without issue, in 1869. Margaret K. Cox, the widow of the testator, and the life tenant, survived until 1897. The question to be decided is, who became entitled to the property at the time of her death? The testator left five children. Three of these children—Alfred H. Cox, Caroline M. Swan, and Julia A. Cox—died, without issue, during the lifetime of the widow. A son named John J. Cox died in 1871, leaving a widow, Anna M. Cox (who is the plaintiff herein), and two children, Anna E. Cox and John J. Cox, Jr., both of whom have since died,—the former in 1871, and the latter in 1892. Their mother has succeeded to whatever rights they may have had in the property in controversy. Only one of the five children of the testator was living at the time of the widow's death. This was Henry T. Cox, who died in January, 1899, leaving two children, the defendants in this action, as his only heirs at law. They claim to be entitled to the whole of the Henry and Amity streets property, on the ground that only those grandchildren of the testator could take who survived the widow; while the plaintiff claims a one-half interest on the ground that her son, John J. Cox, Jr., had acquired a vested remainder in the property to that extent at the time of his death in 1892. The case turns upon the effect to be given to the direction contained in the second item of the will as to what was to become of the devised property in the event of the death of Alfred H. Cox during the lifetime of the testator's widow. Then the said two lots and dwelling house were to go, "upon the decease of my said wife, to such of my children as shall then be living, and the lawful issue of such as may then be dead, equally (taking by representation), as tenants in common." It seems to me pretty clear that in using this language the testator intended that only those children and grandchildren should take who outlived his widow. In case of the death of Alfred H. Cox before the widow, the will fixed the time of her decease as the date at which the absolute disposition of the property was to take effect. The testator contemplated a class, consisting of surviving children and the surviving issue of deceased children, who should become absolutely entitled to the land at that period; and it was impossible to determine what individuals would be found within that class until the prescribed time arrived. As in Re Baer, 147 N. Y. 348, 41 N. E. 702, "the gift is contingent upon survivorship, and, if it vests at all before the date of distribution, it is subject to be devested by the death before that time of a person presumptively entitled to share in the distribution." When the testator's widow died, no one came within the category of those to whom the remainder was left, except Henry T. Cox, a child of the testator, who was the father of the defendants. Prior to that date there had been in existence two children (Anna E. Cox and John J. Cox, Jr.) of a deceased child (John J. Cox), who would have been entitled to share in the remainder had they outlived the widow; but, under the rule above stated,

if the gift vested in them at all, it was devested by their death before the time for the final disposition of the estate arrived. In other words, the phrase "then be living," which occurs in the clause of the second item of the will under consideration, relates not only to the children of the testator, but to the issue of such of his children as should have died before the termination of the widow's life estate. "It is obvious," said Andrews, J., in Re Smith, 131 N. Y. 239, 30 N. E. 130, "that a testator may devote his gift to a whole class, or restrict it to certain individuals of a class; to persons of a class living at his death, or to such persons and all others who may belong to the class at the period of distribution. It is a question of intention; and, where the question arises judicially, it is to be determined by the intention declared by the will and res gestæ." And in this class of cases, in the words of the same learned judge, "it is the general rule of construction that a future and contingent devise or bequest to a class takes effect on the happening of the contingency on which the limitation depends only in favor of those objects who, at the time, come within the description." In re Allen, 151 N. Y. 243, 45 N. E. 554. In Teed v. Morton, 60 N. Y. 502, the provisions of the will were not unlike those under consideration here. The devise was to trustees to receive the rents and profits of certain lands, and apply them to the use of the testator's son William during his life, "and upon the further trust that, if the said William shall die, without leaving issue him surviving, then to pay, distribute, and divide the same equally to and among my surviving children, and the issue of such of them as may have died leaving issue, such issue to take the share their parents would have taken if living." In construing the clause quoted, the court of appeals say: "There is some obscurity in the language of the testator, but we are of opinion that the issue of his deceased children living at the death of his son William take as primary legatees under the clause in question, without distinction between those whose parents died before and those who died after the making of the will." The strongest cases relied upon to support the position of the plaintiff seem to me readily distinguishable from the case at bar. In Re Brown, 154 N. Y. 313, 48 N. E. 537, there were provisions in the will, unlike any to be found in the will here, manifesting in an unmistakable manner the intention of the testator to give an absolute estate to his grandchildren, which, while subject to the outstanding life estates, should be without limitation to the survivors. In Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, the construction adopted was expressly based on the absence of any words of survivorship in the main devise or subsequent clauses of the will. In Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619, the primary gift was to the testator's four children by name, and was, therefore, deemed to be not a gift to a class, but a gift to each of the children thus named of an equal share in the remainder of the testator's estate. It therefore did not fall within the rule invoked in behalf of the defendants in the present controversy. In these cases it is also to be observed that the effect of a construction contrary to that adopted would have disinherited the descendants of

the testator, because their parents did not survive the time for distribution; while here all the issue of the testator, however remote, if they lived to the division of the estate, would share in it. It is difficult to see why any of the testator's own children should lose their share in the remainder of the estate by their death before the widow,—as unquestionably they do,—and yet the share of a grandchild should be absolute, and not subject to be defeated by the contingency to which a child's share is subject. I do not believe that the testator had any such intent.

In my opinion, there should be judgment for the defendants, in accordance with the terms of the submission. All concur.