(92 Misc. Rep. 683)

## In re LOTZ et al.

(Surrogate's Court, Kings County. December, 1915.)

1. WILLS ☞634—TESTAMENTARY GIFTS—VESTED INTEREST—REMAINDERS.

Under a will giving the income of all property obtained by testatrix from the estate of her deceased father to executors, in trust to pay the income to her husband for life or while he remained a widower, and directing that on his death or remarriage such property be divided into five equal shares, and four shares be paid to her four children, and the fifth be invested and the income paid to a fifth child for life, and after her death the principal be divided equally among testatrix's remaining children, the gifts to the four children were vested, not contingent, and the gift in trust to the fifth child vested in the trustees for her benefit, subject to the contingencies of the trust, and the share in remainder of one of the four children, who died, passed to her representatives.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.]

2. WILLS ☞629—CONSTRUCTION—CONTINGENT GIFT.

A gift over, contained only in a direction to pay and devise at the end of an intermediate estate, will not be deemed contingent, where by the utmost effort a contrary intention can be detected in the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. ☞629.]

3. WILLS ☞448—CONSTRUCTION—INTESTACY.

Such construction of a will as will result in intestacy will, if possible, be avoided.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 964; Dec. Dig. ☞448.]

4. WILLS ☞452—CONSTRUCTION—CHILDREN OF DECEASED CHILD.

That construction of a will is to be preferred which inclines to the side of inheritance of children of a deceased child of testatrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 968–970; Dec. Dig. ☞452.]

In the matter of the petition of Lorenz Lotz and another to render and settle their account as executors of the will of Christina B. Lotz, deceased. Decreed according to opinion.

Wilder, Ewen & Patterson, of New York City (William M. Patterson, of New York City, of counsel), for executors.

Thomas H. Troy, of Booklyn, special guardian.

KETCHAM, S. [1] The will which must be applied in this accounting presents a disorder so eccentric that no general purpose can be served by reproducing its terms for discussion. The best that the court can deduce from the instrument is that, containing much which cannot be understood, it has offered suggestions of an implied trust in the executors for the life and benefit of one of them, with remainder, and that this trust embraced in fact the whole estate. If this diffident conclusion be right, the questions which are presented in behalf of the infant child of a daughter of the testatrix will depend upon the inquiry whether the gifts in remainder to the children of the testatrix were vested or contingent.

The will contains provisions with respect to property which the testatrix describes in these words:

"The whole income which I now receive from the estate of my deceased father," "my share or portion thereof" (meaning of said estate), and "the share or portion of my deceased father's estate."

These words are taken to comprehend all property derivable from the father to which the testatrix then had right. The fund is given in trust to pay the income thereof to the husband of the testatrix during his life or continuance as a widower. The gift over then proceeds as follows:

"Fifth. After the death or remarriage of my said husband I direct my executors hereinafter named their survivor or successors to divide the amount bequeathed to my husband by the second clause of this my last will into five equal shares or portions (after paying in full any balance then due and owing upon said debt to my son George W.) and to pay over one of said equal shares or portion to each of my children, namely, Mary Louise Holts, George W. Lotz, Catharine Quinn and Josephine Keener, respectively. The remaining one equal share or portion to be invested and the income derived therefrom to be paid to my daughter Caroline Dieffenbach for and during her natural life, and after her death the principal sum of said remaining share or portion to be equally divided between my remaining children share and share alike."

The seventh paragraph of the will is in part:

"Seventh. All the rest, residue and remainder of my estate of whatsoever name and nature (after the death or remarriage of my husband) I direct my executors hereinafter named their survivor or successors to transfer and pay to my said children in equal shares or portions, share and share alike."

In the fifth paragraph there is something more than a direction to pay over and divide in the future.

[2] The rule that such direction imports contingency in the gift is among those canons of construction which the appellate courts have been more zealous to escape than to obey. No doubt the rule, in its general form, rests in logical security upon the grammar, but it is equally sure that in the direction to trustees to pay over and divide in remainder, the actual intention has often been defeated. Hence the courts have revolted from the injustice thus caused, and the homely instinct of righteousness has compelled the qualification that, when the gift over is contained only in the direction to pay and divide at the end of an intermediate estate, the gift shall not be contingent if by the utmost effort and cunning a contrary intention can be detected in the will.

It has been said, though lately ignored, that where the postponement of the division is "for the convenience of the estate" the gift will be regarded as immediate. Clearly, within the meaning of the expression "for the convenience of the estate," if a life estate were carved out in advance of the remainder for the purpose of effectuating a testamentary intention with respect to the administration of the estate, the delay in the intended division would be "for the convenience of the estate." Late cases, however, have found the direction consistent only with a contingency in the gift, even where there was an

intermediate purpose to maintain the trust for the life of a person named.

If one could know what has been meant in this regard by the words "the convenience of the estate" the case at bar might be brought to rest. It is as significant of a vested estate as many other expressions in reported cases that in the fifth paragraph, quoted supra, the direction is, not that the trustee shall pay and divide to and among persons indicated, but they are directed upon the expiration of the life interest to first divide into "five equal shares or portions." This is to be done before payment. The direction is not to divide into as many shares as there shall be survivors of decedent's children. Whether all shall survive or not, there must be five shares.

The common direction is that the distribution shall be made among persons named, indicated, or classified. Its primary effect is that the fraction of division shall be determined by the number of possible beneficiaries who shall be found alive to participate in the division. There is then an element of uncertainty as to the number of the beneficiaries entitled to share, and therefore a like uncertainty as to the fractions to be ascertained, because the recipients must be first counted before the fractions can be known and the direction to divide can become effectual. In this case the fractions are known from the time of the execution of the will, and the first duty, upon the failure of the intermediate term, is to divide and have ready for distribution the equal shares required. This excludes the possibility of a reduction in the number of shares to be paid, and makes it inconceivable that a contingent gift to a class or number of persons is indicated.

There is no gift over beyond the four children first named of any of the fifth shares in case of a death among them. The share apportioned to Caroline Dieffenbach, the fifth child, is not given to her, but is left in trust for her benefit during life, and in this trust is the only provision for the disposition of a share in case of the death of a child.

[3] The absence of a gift over in the four instances is consistent only with a conviction on the part of the testatrix that she had exhausted her testamentary intention with respect to the four shares and had left them where she meant them to stay. If these four gifts were contingent upon the survival of the beneficiaries for whom they were primarily intended, intestacy would result. A construction which would have this effect should be avoided.

As to the child fifthly named, the trust designed for her takes a form which enforces the argument that the gifts to the other children have no contingent quality. In this instance, the only one in which there is a disposition of a share to take effect upon the death of a child, the gift over is only in remainder and is clearly contingent. It is to the "remaining children," an expression of definite and often applied meaning. Its intention is that upon Caroline's death the share shall devolve only upon those of the decedent's children who shall be found alive.

The words "my remaining children," by their reflex effect upon the provision for the four children first named, make it clear that the shares of the first four were not to be paid to "remaining children,"

or, indeed, to any one except the beneficiaries named. In one case the testatrix saw a destination of a share beyond the life of one of her children. In each of the other four cases she was unconscious of any estate or interest in any person except the child for whom she destined it.

[4] The sense of contingency is also excluded by the naming of the persons to take in remainder. Shangle v. Hallock, 6 App. Div. 55, 58, 39 N. Y. Supp. 619; Carr v. Smith, 25 App. Div. 214, 216, 49 N. Y. Supp. 351; Matter of Pauley, 28 Misc. Rep. 273, 59 N. Y. Supp. 844; Roosa v. Harrington, 31 Misc. Rep. 529, 535, 65 N. Y. Supp. 601. "In the absence of any clear expression or implication necessarily leading to that result, we should avoid a construction of the will which would disinherit this one grandchild." This is the expression in Matter of Miller, 18 App. Div. 211, 45 N. Y. Supp. 956, affirmed on opinion below, 155 N. Y. 646, 49 N. E. 757; and the opinion thus approved quotes as follows from Scott v. Guernsey, 48 N. Y. 106, 121:

"That meaning is to be preferred * * * which inclines to the side of the inheritance of the children of a deceased child."

It results that the gifts to the four children were vested, and not contingent; that the other devise in trust for the fifth child vested in the trustees for her benefit, subject to the contingencies of the trust; and that the share in remainder of the daughter Josephine, deceased, will pass to her representatives. The infant daughter, as the next of kin of her mother, is admitted to the proceeding to be heard in behalf of her mother's estate and to criticize the account, but has no interest in the present adjudication.

The executor, who is the husband of the testatrix, has made substantial payments to some of his children, and upon the death of two of them has paid their funeral expenses. None of these payments can be allowed in this account. All of them, however, would seem to be proper offsets in favor of the executor who made them, or his estate, against the remaindermen, or their estates, respectively; but such offsets cannot be asserted in advance of the day when the remainders shall mature. The decree will proceed accordingly.

Decreed accordingly.