In re CRANE.

In re BATTELLE'S WILL.

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

WILLS—CONSTRUCTION—VESTED REMAINDERS.
A will directed an equal division of testator's estate, after his widow's death, among the legatees, and provided that a certain sum be deducted from a certain legatee's share, and paid to a nephew. The share of any legatee dying before the widow was to go to his issue, and, in the absence of issue, to be divided among the surviving legatees. Held, that an assignee of one of the children of a legatee dying after testator, but before his widow, was entitled to a distributive share of the share coming to such legatee's children, though testator's widow survived said child, as the will shows testator's intention to have the legatees' remainder vest on his death.

Appeal from surrogate's court, New York county.

In the matter of the estate of Lewis F. Battelle, deceased. Proceedings for final settlement of accounts of Abraham B. Crane, substituted trustee. From the judgment of the surrogate's court (53 N. Y. Supp. 374), certain legatees appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen O. Lockwood, for appellants.
Duncan Edwards, for respondent.

CULLEN, J. The only question presented by this appeal is the construction of the will of Lewis F. Battelle, deceased. After a gift of the residue of his estate, real and personal, to trustees, primarily to provide annuities for his widow and certain other relatives, the testator directed:

"Sixth. Upon the decease of my said wife, I order and direct that my estate be divided as follows, viz.: Equally between my brothers and sisters and my niece, Flora W. Bulkley, each one to take one equal share thereof: provided, however, that, from the share which my brother Charles B. Battelle will be entitled to, there shall be deducted the sum of five thousand dollars, which sum I do give and bequeath to be paid to my nephew Lewis Francis Battelle, son of my brother Cornelius: * * * and provided, further, that if my said nephew, Lewis Francis, shall depart this life before my wife, then the said five thousand dollars is to be divided equally between his sisters then living: and provided, further, that if any of my said brothers and sisters and niece shall depart this life before my said wife, leaving lawful issue him or her surviving, then the share of the one so dying shall be paid over to their issue in equal shares. Should they leave no lawful issue him or her surviving, then the share is to be divided among the survivors and the lawful issue of any one or more of them who shall have died leaving lawful issue him or her surviving, each one of the said survivors taking one equal share thereof, and the lawful issue of any one deceased to take the share of the parents, if one solely; if more than one, jointly and equally."

One of the sisters of the testator survived him, and died before the death of the widow, leaving, her surviving, three sons and four daughters. One of these sons, William S. Biggs, assigned his interest in his uncle's estate to John D. Davis and Duncan Edwards. William S. Biggs died February 1, 1896, and the widow of the testator died 10 days subsequently. The controversy is between the assignees of William S. Biggs and his brothers and sisters, the latter contending that the issue of the testator's brothers and sisters took no interest in his estate unless they survived the death of the widow. The surrogate decided in favor of the assignees.

In this will there is no direct gift, but a direction to divide. The general rule is that where there is no gift, but a direction to executors or trustees to pay or divide at a future time, the vesting in the beneficiary will not take place until that time arrives. Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92; Shipman v. Rollins, 98 N. Y. 311; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184. We agree with the learned counsel for appellants that, to make this rule applicable, it is not necessary that the direction to divide should be conditioned on a contingency the nonoccurrence of which is possible, though the existence of such a contingency doubtless emphasizes the application of the rule. In Delafield v. Shipman, supra, and Shipman v. Rollins, supra, there was no such contingency. But the rule itself is not one of universal application, and is readily cast aside when anything in the will indicates a contrary intention on the part of the testator.

In Re Tienken, 131 N. Y. 391, 30 N. E. 109, Judge Finch said:

"We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention, and not as a force to pervert it."

See, also, Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Young, 145 N. Y. 535, 40 N. E. 226; Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619.

We think this case falls within the exception, and not within the rule, and for these reasons: First. The whole scheme of this clause of the will contemplates the vesting of the remainders in the brothers, sisters, and niece immediately on the death of the testator, and for a substitutionary gift in case of a death before the period of distribution with issue, and for a gift over in case of death without issue. The substituted gift and gift over would be unnecessary unless the remainders vested at the death of the testator. The simple and natural way, in case the remainders were to be contingent, was to direct, on the death of the widow, a distribution between the brothers and sisters of the testator then living, and the issue of any deceased. A gift over itself evidences an intent that the previous gift should be vested. 1 Jarm. Wills, 818. Throughout the whole of this clause the testator refers to the shares of brothers and sisters dying before the widow,—an expression entirely inconsistent with the idea that none but those surviving at the widow's death should have any share. Second. The intention to vest the gift upon the death of the testator is made clear by the legacy to the testator's nephew, Lewis F. Battelle, the son of a brother of the testator, named Cornelius. The

corpus of this legacy is to be created by deducting $5,000 from the share of another brother of the testator, named Charles. That the testator intended that Lewis should receive this legacy in every contingency, except the failure of Lewis to survive the widow (and even in this case there is a gift over of the legacy), is too plain to admit of substantial controversy. If, however, the remainder given to the testator's brother Charles is to be deemed contingent on his surviving the widow, then, in case of the death of Charles before the widow (which has happened), there would be no share of Charles from which the legacy to Lewis could be taken, and the legacy would fail. But if we construe the gift to Charles as vested, subject only to be devested by his death before that of the widow, the whole difficulty is avoided, for in such case the gift over or substituted gift of Charles' share would only operate on the excess of that share over the $5,000 deducted for the nephew Lewis. We think, therefore, that the postponement of the distribution of the remainder of the estate is to be considered as having been made solely for the convenience of the estate (i. e. to let in the life estate of the widow), and not as annexing futurity to the subject of the gift. In re Embree, 9 App. Div. 602, 41 N. Y. 737. As we construe this will, the remainders given to the brothers and sisters and the niece Flora W. Bulkley and the nephew Lewis F. Battelle vested in the legatees and devisees immediately on the death of the testator, subject to be devested as to any of the parties by his death prior to the decease of the testator's widow. In case of the death of one of those parties leaving issue, then on such death the share of the parent vested in the issue; and, as there is no gift over or substituted gift in case of the death of any of such issue before that of the testator's widow, the interest of any such issue was not defeated by his dying before the period of distribution.

The decree appealed from should be affirmed, with costs. All concur.