36   468
r164a  71
36   468
f58  212

In the Matter of the Final Judicial Settlement of the Account of
    Proceedings of ALEXANDER B. CRANE, as Substituted Trustee
    under the Last Will and Testament of LEWIS F. BATTELLE,
    Deceased, in the Place and Stead of CATHARINE M. BATTELLE,
    Sole Surviving Executrix and Trustee Thereof, Deceased.

C. LEWIS BIGGS and Others, Appellants; DUNCAN EDWARDS and
    JOHN D. DAVIS, Respondents.

*Will — direction for distribution after the decease of the testator's widow — when the
remainders vest at once — exception to the rule in cases when there is only a direc-
tion to divide.*

The will of a testator giving the residue of his estate, both real and personal, to
    trustees to provide annuities for his widow and certain relatives, directed,
    "Upon the decease of my said wife, I order and direct that my estate be
    divided as follows, viz.: Equally between my brothers and sisters and my
    niece Flora W. Bulkely, each one to take one equal share thereof, provided,
    however, that from the share which my brother Charles B. Battelle will be
    entitled to, there shall be deducted the sum of five thousand dollars, which
    sum I do give and bequeath to be paid to my nephew Lewis Francis Battelle,
    son of my brother Cornelius; * * * and provided further that if my said
    nephew Lewis Francis shall depart this life before my wife, then the said five
    thousand dollars is to be divided equally between his sisters then living; and
    provided, further, that if any of my said brothers and sisters and niece shall
    depart this life before my said wife, leaving lawful issue him or her surviving,
    then the share of the one so dying shall be paid over to their issue in equal
    shares. Should they leave no lawful issue him or her surviving, then the share
    is to be divided among the survivors and the lawful issue of any one or more
    of them who shall have died leaving lawful issue him or her surviving, each
    one of the said survivors taking one equal share thereof and the lawful issue
    of any one deceased to take the share of the parents; if one, solely, if more
    than one, jointly and equally."
*Held,* that the remainders given by the will vested in the brothers and sisters
    and nephew and niece immediately on the death of the testator; subject to be
    divested as to any of such beneficiaries by his or her death prior to that of the
    testator's widow;
That the death of any such beneficiary, before the period of distribution, did not
    defeat the interest of his issue, but that the share of the latter vested immedi-
    ately upon the death of the parent; and as there was no gift over or substituted
    gift in case of the death of any of such issue before that of the testator's widow,
    the interest of any such issue was not defeated by his death before that of the
    widow;

That the postponement of the distribution of such remainders was made solely for the convenience of the estate (*i. e.*, to let in the life estate of the widow), and not for the purpose of annexing futurity to the subject of the gift;

That the case fell within the exception to the rule that, where there is no direct gift, but merely a direction to trustees to divide at a future time, the vesting does not take place until that time arrives.

APPEAL by C. Lewis Biggs and others from so much of a final decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 11th day of July, 1898, as provides as follows:

" And the surrogate does hereby adjudge and decree that upon the death of Emma Biggs, the sister of testator, the one-quarter share of the estate of the testator bequeathed to her by said will vested in her six children, George Biggs, C. Lewis Biggs, Agnes Hutcheson, Anne Griffin, Penelope Bethel and William S. Biggs, in equal shares; and the said William S. Biggs having executed an assignment of all his interest in said estate to Duncan Edwards and John D. Davis, the said George Biggs, C. Lewis Biggs, Agnes Hutcheson, Anne Griffin and Penelope Bethel, the surviving children of Emma Biggs, deceased, and said Duncan Edwards and John D. Davis, as assignees of the share of William S. Biggs, the deceased son of said Emma Biggs, deceased, are together entitled to an equal one-quarter share of the estate of the testator, as follows: Said George Biggs, C. Lewis Biggs, Agnes Hutcheson, Anne Griffin and Penelope Bethel being each entitled to an equal one-sixth part of said one-quarter share and said Duncan Edwards and John D. Davis being together entitled to the remaining one-sixth part of said one-quarter share."

And also from so much thereof as provides: " The remaining fourth part shall be subdivided into six equal parts, and one of said parts paid to George Biggs, and another of said parts paid to C. Lewis Biggs, and another of said parts paid to Agnes Hutcheson, and another of said parts paid to Anne Griffin, and another of said parts paid to Penelope Bethel, and the remaining sixth part paid to Duncan Edwards and John D. Davis, as assignees of the share of William S. Biggs, deceased.

" And it is further ordered, adjudged and decreed that the said substituted trustee also pay to said Duncan Edwards and John D.

Davis, as assignees of the share of William S. Biggs, deceased, the sum of three thousand four hundred and thirty and seventy-six one-hundredths dollars ($3,430.76), which by the decree on the former accounting was directed to be set apart until the final distribution and which was deposited in the Central Trust Company, as shown by Schedule G of the account; also the further sum of sixty-five and forty-seven one-hundredths dollars ($65.47), being the interest on said sum of $3,430.76 allowed by the Central Trust Company, as shown by Schedule H of the account, and any additional interest that may be allowed by said company on such deposits; and also the further sum of three thousand two hundred and fifty-two dollars ($3,252), directed to be set aside until the final distribution by the decree for partial distribution, dated October 7th, 1897."

This appeal was transferred from the first department to the second department.

*Stephen O. Lockwood*, for the appellants.

*Duncan Edwards*, for the respondents.

CULLEN, J.:

The only question presented by this appeal is the construction of the will of Lewis F. Battelle, deceased. After a gift of the residue of his estate, real and personal, to trustees, primarily to provide annuities for his widow and certain other relatives, the testator directed: "*Sixth*. Upon the decease of my said wife, I order and direct that my estate be divided as follows, viz.: Equally between my brothers and sisters and my niece, Flora W. Bulkley, each one to take one equal share thereof, provided, however, that from the share which my brother, Charles B. Battelle, will be entitled to, there shall be deducted the sum of five thousand dollars, which sum I do give and bequeath to be paid to my nephew, Lewis Francis Battelle, son of my brother Cornelius; * * * and provided further that if my said nephew, Lewis Francis, shall depart this life before my wife, then the said five thousand dollars is to be divided equally between his sisters then living, and provided further, that if any of my said brothers and sisters and niece shall depart this life before my said wife, leaving lawful issue him or her surviving,

then the share of the one so dying shall be paid over to their issue in equal shares. Should they leave no lawful issue him or her surviving, then the share is to be divided among the survivors and the lawful issue of any one or more of them who shall have died leaving lawful issue him or her surviving, each one of the said survivors taking one equal share thereof and the lawful issue of any one deceased to take the share of the parents, if one, solely, if more than one, jointly and equally." One of the sisters of the testator survived him, and died before the death of the widow, leaving her surviving three sons and four daughters. One of these sons, William S. Biggs, assigned his interest in his uncle's estate to John D. Davis and Duncan Edwards. William S. Biggs died February 1, 1896, and the widow of the testator died ten days subsequently. The controversy is between the assignees of William S. Biggs and his brothers and sisters, the latter contending that the issue of the testator's brothers and sisters took no interest in his estate unless they survived the death of the widow. The surrogate decided in favor of the assignees.

In this will there is no direct gift, but a direction to divide. The general rule is, that where there is no gift, but a direction to executors or trustees to pay or divide at a future time, the vesting in the beneficiary will not take place until that time arrives. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 id. 92; *Shipman* v. *Rollins*, 98 id. 311; *Delafield* v. *Shipman*, 103 id. 463.) We agree with the learned counsel for appellants that to make this rule applicable it is not necessary that the direction to divide should be conditioned on a contingency the non-occurrence of which is possible, though the existence of such a contingency, doubtless, emphasizes the application of the rule. In *Delafield* v. *Shipman* (*supra*) and *Shipman* v. *Rollins* (*supra*) there was no such contingency. But the rule itself is not one of universal application, and yields readily when anything in the will indicates a contrary intention on the part of the testator. In *The Matter of Tienken* (131 N. Y. 391) Judge FINCH said: "We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention, and not as a force to pervert it." (See, also, *Goebel* v. *Wolf*, 113 N. Y. 405; *Matter of Young*, 145 id. 535;

*Shangle* v. *Hallock*, 6 App. Div. 55.) We think this case falls within the exception and not within the rule, and for these reasons: *First*, the whole scheme of this clause of the will contemplates the vesting of the remainders in the brothers, sisters and niece immediately on the death of the testator, and for a substitutionary gift in case of a death before the period of distribution with issue, and for a gift over in case of death without issue. The substituted gift and gift over would be unnecessary unless the remainders vested at the death of the testator. The simple and natural way, in case the remainders were to be contingent, was to direct, on the death of the widow, a distribution between the brothers and sisters of the testator then living and the issue of any deceased. A gift over itself evidences an intent that the previous gift should be vested. (1 Jarm. Wills, 818.) Throughout the whole of this clause the testator refers to the shares of brothers and sisters dying before the widow, an expression entirely inconsistent with the idea that none but those surviving at the widow's death should have any share. *Second*, the intention to vest the gift upon the death of the testator is made clear by the legacy to the testator's nephew, Lewis F. Battelle, the son of a brother of the testator named Cornelius. The *corpus* of this legacy is to be created by deducting $5,000 from the share of another brother of the testator named Charles. That the testator intended that Lewis should receive this legacy in every contingency, except the failure of Lewis to survive the widow (and even in this case there is a gift over of the legacy), is too plain to admit of substantial controversy. If, however, the remainder given to the testator's brother Charles is to be deemed contingent on his surviving the widow, then in case of the death of Charles before the widow (which has happened), there would be no share of Charles from which the legacy to Lewis could be taken, and the legacy would fail. But if we construe the gift to Charles as vested, subject only to be divested by his death before that of the widow, the whole difficulty is avoided, for, in such case, the gift over, or substituted gift of Charles' share, would only operate on the excess of that share over the $5,000 deducted for the nephew Lewis. We think, therefore, that the postponement of the distribution of the remainder of the estate is to be considered as having been made solely for the convenience of the estate (*i. e.*, to let in the life estate

of the widow), and not as annexing futurity to the subject of the gift. (*Matter of Embree*, 9 App. Div. 602.) As we construe this will, the remainders given to the brothers and sisters, and the niece, Flora W. Bulkley, and the nephew, Lewis F. Battelle, vested in the legatees and devisees immediately on the death of the testator, subject to be divested as to any of the parties by his death prior to the decease of the testator's widow. In case of the death of one of those parties leaving issue, then, on such death, the share of the parent vested in the issue; and as there is no gift over or substituted gift, in case of the death of any of such issue before that of the testator's widow, the interest of any such issue was not defeated by his dying before the period of distribution.

The decree appealed from should be affirmed, with costs.

All concurred.

Decree of surrogate affirmed, with costs.