O'BRIEN and HATCH, JJ., concurred; VAN BRUNT, P. J., and RUMSEY, J., dissented.

VAN BRUNT, P. J. (dissenting):

It seems to me that this conviction should be affirmed. The difference in age testified to by the mother was entirely immaterial. There were no exceptions which raised any questions in respect to the same and the certificate had been only used for the purpose of refreshing recollection and could not be competent evidence.

It seems to me that the reversal in this case is based upon the heavy sentence which was imposed and not upon any error contained in the record.

RUMSEY, J., concurred.

Judgment reversed and new trial ordered.

---

JANET RUDD and ALTHEA S. RUDD, Executrices and Trustees under the Last Will and Testament of GEORGE RUDD, Deceased, Respondents, *v.* ANNIE E. CORNELL, Individually and as Administratrix, etc., of GENEVIEVE M. RUDD, Deceased, Appellant.

JANET RUDD and Others, Respondents.

*Will — a trust for two lives, during which the income is to be paid to children and their issue, and at their termination the* corpus *to be divided — a child of a deceased child, both dying before the termination of the trust, does not share in the* corpus — *effect of judgments on an accounting and in partition — what is a "remainder in fee."*

The will of a testator provided: "*Third.* I do give, devise and bequeath to my executors hereinafter named, the survivors and survivor of them, all the rest, residue and remainder of my estate, real and personal, wheresoever and whatsoever, in trust and for the purposes following; that they invest my personal property on bonds secured by mortgages on real estate, or stocks of a permanent character, and that they rent my real estate, and that during the lives of my two children, Marvin W. Rudd and Allie Rudd, and the survivor of them, that they apply one-third of the net rents and income of my said estate to the use of my said dear wife Janet for and during the term of her natural life, if

she shall so long live, and that they apply the residue of said rents and income, and the whole thereof after the decease of my wife, to the use of my children, viz., Eliza Moore Rudd, George Rudd, Mary Frances Rudd, Marvin W. Rudd and Allie Rudd, in equal shares, and in case either of them shall die before the death of the survivor of my said two children, Marvin and Allie, leaving lawful issue surviving, then the share of the one so dying to be paid over to such issue, if one solely, if more than one jointly and equally, but if the one so dying leave no lawful issue surviving then such share to be paid to the survivors ; and upon the death of the survivor of my said two children, Marvin and Allie, then upon the further trust that my said executors or the survivor of them do divide my estate and pay one-third thereof to my wife, if she shall then be living, and one share of the residue thereof (and of the whole if my said wife shall have deceased) to each one of my children who shall then be living, and to the issue of such of them who shall have died, leaving lawful issue him or her surviving, such issue to take the share of the parent, if one solely, if more than one jointly and equally."

Marvin W. Rudd died after the testator's death, leaving him surviving his daughter, Genevieve, as his only heir at law and next of kin. Both father and daughter died before the termination of the trust.

*Held,* that whatever interest Genevieve took upon the death of her father, was divested by her death before the termination of the trust:

That a judgment rendered in an action for an accounting brought by an executor of the will against the persons interested thereunder, including Genevieve Rudd, which judgment did not assume to deal with the disposition of the *corpus* of the estate was not *res adjudicata* on the subject;

That the same was true of a judgment rendered against Genevieve Rudd and others, in an action to partition part of the real estate of which the testator died seized, which adjudged that the said Genevieve Rudd was entitled to a "remainder in fee," in the property partitioned, as the estate of which Genevieve was seized after the death of her father and before the termination of the trust period might properly be defined as a "remainder in fee" even though it might be subsequently divested.

APPEAL by Annie E. Cornell, individually and as administratrix, etc., of Genevieve M. Rudd, deceased, from portions of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 4th day of October, 1899, upon the report of a referee in an action brought for the judicial construction of the last will and testament of George Rudd, deceased.

*John E. Parsons,* for the apppellant.

*Austen G. Fox,* for the defendants, respondents.

*Allan Robinson,* for the infant defendants, respondents.

Hatch, J. :

These appeals involve the judicial construction of the will of George Rudd, the grandfather of Genevieve M. Rudd. George Rudd died in New York city on September 14, 1884, leaving a last will and testament dated August 27, 1870, and a codicil dated August 28, 1880, and leaving him surviving his widow, Janet Rudd, and Eliza Moore Rudd, George Rudd, Mary Frances Rudd, Marvin W. Rudd and Althea S. (Allie) Rudd, his children. By his will the testator gave to his wife a specific bequest of his household furniture, printed books and plate, and then provided as follows :

" *Third.* I do give, devise and bequeath to my executors hereinafter named, the survivors and survivor of them, all the rest, residue and remainder of my estate, real and personal, wheresoever and whatsoever, in trust and for the purposes following ; that they invest my personal property on bonds secured by mortgages on real estate, or stocks of a permanent character, and that they rent my real estate, and that during the lives of my two children, Marvin W. Rudd and Allie Rudd, and the survivor of them, that they apply one-third of the net rents and income of my said estate to the use of my said dear wife Janet for and during the term of her natural life, if she shall so long live, and that they apply the residue of said rents and income, and the whole thereof after the decease of my wife, to the use of my children, viz., Eliza Moore Rudd, George Rudd, Mary Frances Rudd, Marvin W. Rudd and Allie Rudd, in equal shares, and in case either of them shall die before the death of the survivor of my said two children, Marvin and Allie, leaving lawful issue surviving, then the share of the one so dying to be paid over to such issue, if one solely, if more than one jointly and equally, but if the one so dying leave no lawful issue surviving then such share to be paid to the survivors ; and upon the death of the survivor of my said two children, Marvin and Allie, then upon the further trust that my said executors or the survivor of them do divide my estate and pay one-third thereof to my wife, if she shall then be living, and one share of the residue thereof (and of the whole if my said wife shall have deceased) to each one of my children who shall then be living, and to the issue of such of them who shall have died, leaving lawful issue him or her surviving, such issue to take the share of the parent, if one solely, if more

FIRST DEPARTMENT, FEBRUARY TERM, 1901.     [Vol. 58.

than one jointly and equally." He then provided for a sale of certain unimproved real estate in the discretion of his executors, before the time of. division; nominated and appointed his wife the testamentary guardian of the minor children, and nominated and appointed his wife the executrix, and his brother and brother-in-law executors. By the codicil, the appointment of the brother and brother-in-law as executors was revoked, and the wife and daughters, Eliza Moore Rudd and Mary Frances Rudd were nominated and appointed executrices. The will was probated as a will of both real and personal property, and the executrices qualified and entered upon the discharge of their duties.

Marvin W. Rudd, one of the persons for the period of whose lives the trust was created, died in March, 1888, leaving his wife, the defendant Annie E. Cornell, and his daughter Genevieve as his only next of kin and heir at law. Genevieve died in April, 1897, leaving her mother, the said defendant Cornell, as her sole next of kin and heir at law. The daughter, Eliza Rudd, died in August, 1892, and the daughter Mary in January, 1894; neither left issue nor had either been married. Janet Rudd, the testator's widow, his son George and the daughter Althea are still living. George Rudd had a wife and one child at the death of his father, and at the time of the commencement of this action there had been born to him four other children, who now survive; they are the four infant defendants herein. The trust created by the will has not yet terminated, the period for distribution being postponed until the death of Althea S. Rudd.

We are called upon to determine what share or interest Genevieve Rudd, the daughter of Marvin Rudd, took in the trust estate created by this will upon the death of her father. Had she a vested interest both in the income and the *corpus* of the estate, which, upon her death prior to the period fixed by the will for distribution passed by the statutes of distribution and descent to her next of kin and heirs at law? Or was her interest in both of such a nature that it was divested by her death? For answers to these questions we must look for and determine the intention of the testator by construing the will by which he created the estate. Whenever the construction of a will turns upon the question as to whether the particular estate bequeathed or devised vests in the legatee or devisee a present vested

interest or a contingent remainder, it is nearly always possible to make a plausible argument in favor of either construction and to support it by authority more or less in point. The present case furnishes no exception to the rule.

We agree with the construction which has been placed upon this will by the learned referee and, in the main, with the reasons which he assigns therefor. We think that its language indicates a clear intent upon the part of the testator to keep the entire *corpus* of his estate together until the period fixed for distribution, which was the full period in his power to provide under the Statute of Perpetuities. The language of the will is so clear in this respect as not to present a debatable question. The intent of the testator to make the right of a child to take at the expiration of the trust period to depend upon survivorship is not controverted by any one, nor could it be, as such is the express provision of the will. There is no present gift, except of income, to children or the issue of children, and the words of gift in each instance are to children and their issue. While it is true that the will does not in express terms make the right of the issue of a child to depend upon survivorship at the end of the trust period, yet there are no words of present gift to such issue. The only words of gift are contained in the direction to the trustees to divide and pay at the termination of the trust, and no distinction whatever is made in this regard between children and the issue of children. Prior to that time the status of the issue is precisely that of the parent, so far as the present interest in the estate is concerned, and survival at the time to which distribution is postponed seems to be essential in order to acquire any vested interest in the trust estate. While this provision of the will is not coupled with the same language as the clause before it, relating to the disposition of the rents and income, *i. e.*, " but if the one so dying leave no lawful issue surviving, then such share to be paid to the survivors," yet it seems to be plain that the whole scheme of the will and the clear intent of the testator was, after the death of his children, for the term of whose lives the trust was created, to give of the trust estate one-third to the widow if she survived the period and the remaining two-thirds to his descendants living at the termination of the trust.

It is the well-settled rule in construing wills that, where futurity

is annexed to the substance of the gift, the vesting of the estate is suspended. We think that this rule finds application in construing the provisions of the present will. Beyond the discussion already had, we do not think it profitable or necessary to make further critical examination of the language of the will, in view of the fact that under very recent decisions of the Court of Appeals the proper construction of this will is determined and falls within the rule to which we have heretofore adverted. The will in the present case is in substance the same as was construed by the Court of Appeals in *Matter of Crane* (164 N. Y. 71). In that will, as in this, there are no words importing a present direct gift of the principal of the trust estate, but the direction was to divide upon the death of the widow; and it was held that the estate was contingent and that survival to the period fixed for distribution was necessary to enable the remaindermen to take. The application of this case is all the more controlling for the reason that in the decision below, where the estate in remainder was held to be vested (36 App. Div. 468), it was so held for the reason, as stated by the court, that, if there was an intent to postpone the vesting of the estate to the time of distribution, such intent would have been expressed by a direction for " distribution between the brothers and sisters of the testator then living and the issue of any deceased " (p. 472). In the present case such language is in substance and effect found present in the will, and if the Court of Appeals could find language in the will then being construed which caused it to disagree with the court below in that case, it would seem to follow that we are compelled to conclude, upon the language used in the will before us, that the rule of construction must be the same. The language of the will which was the subject of construction in *Delafield* v. *Shipman* (103 N. Y. 463) is so nearly like that of the present will that no distinction in construction can be drawn between them and rest upon any sound basis.

So far as the bequest of income is concerned, force is added to the disposition intended to be made of the *corpus*, for the direction is clear and specific that of the income prior to the termination of the trust estate upon the decease of one entitled to take, the survivors, by express terms, take the whole. The case in this respect, therefore, is stronger than that presented in *Dougherty* v. *Thompson* (54 App. Div. 456), where it was held that a present bequest of income

coupled with a severable interest therein upon the legatees arriving at the age of twenty-one years, did not vest in the person so taking either a vested right in income during the trust period or any vested interest in the *corpus* of the estate.

It is evident, also, that the construction which we place upon the will ought to obtain, as we think that it was the intention of the testator, as evidenced by the whole scheme of the will, to vest in children of the blood the ultimate title to the whole estate.    This intent is so clear that a construction of the will which diverts the disposition of the property from the line of succession which the testator evidently intended ought to be avoided if the language were less conclusive than it is, and such construction could be sanctioned without violating rules of law.    Under decisive authorities for construing this will, we find no such difficulty in this case, and, therefore, conclude, so far as the construction of the will is concerned, that Genevieve took no greater estate or interest than that possessed by her father, and that, having died before the period of distribution arrived, her estate therein was defeated, and her heirs and next of kin take nothing by virtue of the will, except income accrued at the time of her death.

The conclusion thus reached leads to an affirmance of the judgment appealed from, unless we are constrained to sustain the contention of the appellant as to the effect of two certain judgments, one rendered in an action for an accounting brought by Janet Rudd, as sole surviving executrix of the will in question, against the legatees, devisees, next of kin and heirs at law of the testator, and the other rendered in an action brought by Thaddeus K. Miller against Janet Rudd, as executrix and individually, *et al.*, for the partition of certain of the real property of which the testator died seized as tenant in common with said Miller, and which formed a part of the trust estate.    Genevieve Rudd was a party to both these actions ; and it is urged that these judgments, one or both, are *res adjudicata* of the questions involved in this appeal.    If they are, or either of them is, held to operate as an adjudication conclusive as a bar to the construction of the will which we have reached, they must be regarded as effective and controlling as though the construction of the will vested in Genevieve an absolute indefeasible estate.

So far as the judgment in the action for an accounting is con-

cerned, it was not final but intermediate; nor did it pretend to deal with the disposition of the *corpus* of the estate or any part of it. The pleadings in that action are not made a part of the present record, but it is apparent from the report of the referee and the recitals in the judgment, that only the rights of the parties to the income were litigated or passed upon. The fifth conclusion of law in the report of the referee construes the 3d paragraph of the will, and holds that the testator meant and intended by the language therein used to place the children, or any one of his children, that should die in the same position as the parent in respect to rights and interests in the income of his estate, and that the word " survivors " where it occurs in such paragraph, " but if the one so dying leave no lawful issue surviving, then such share to be paid to the survivors," meant and included the defendant Genevieve as the child of Marvin W. Rudd, deceased. In the provisions of the judgment contained in the 6th paragraph, it is determined that the will of the testator entitled the defendants George, Althea and Genevieve M. Rudd to share equally in the income of the estate of the testator, subject to the provision in favor of the plaintiff as the widow of the testator, and that Genevieve stood in the place and position of her father in respect to the distribution of the income of the estate.

It is quite clear that the report and judgment in this action were entirely correct. Genevieve was alive and a party to the action. The judgment adjudicated upon her then existing right; and as she was the survivor within the meaning of the will, she took a present interest in the income which was the subject of the action. Her right thereto continued during her life, and both by the terms of the will and the adjudication of the judgment she became entitled to have and receive the whole of the share of the income which had accrued to her at the time of her death. This sum the defendant Cornell, as administratrix, was entitled to have and receive; and the judgment in the present action makes proper provision for her in this respect. It is clear, therefore, that this judgment cannot constitute a bar, or be regarded as an adjudication upon any subject involved in the present action, except so far as it relates to income which accrued at the date of the death of Genevieve.

So far as the judgment in the action for partition is concerned, we reach a like conclusion as upon the effect of the judgment in the

accounting action.   We do not find it necessary to follow the argument of either counsel in respect to this subject.   We assume for the purpose of the present discussion that the judgment in the action of partition is a conclusive, binding adjudication upon the construction of this will, so far as it goes, and to the full extent of its terms. We are not to be understood, however, as passing upon the effect of the judgment for any other purpose than the disposition of the present question.   So assuming, we proceed to consider its terms and binding effect in its fullest extent as affecting the present controversy.

The action was in partition, and the lands and premises to which it related were a part of the *corpus* of the trust estate.   All of the parties interested in the estate were made parties to the action.   It would seem that at that time the only parties who held title to the premises were the trustees under the will, and any adjudication which disposed of the *corpus* of the estate, it would seem, ought properly to have adjudicated such interest as being lodged in them, as in fact it was until the time for distribution arrived.   The report of the referee in that action, however, found in the 18th finding that the defendant Genevieve M. Rudd " is entitled to receive from the said trustees a two-fifteenth share or interest of the income, rents and profits from said undivided half part of the premises described in the complaint, and a remainder in fee of a two-fifteenth part of the same, such interest in said income and such remainder being subject to be increased by the death of said Janet Rudd, or the death, without leaving issue, of any one or more of the children of the said George Rudd, deceased, prior to the death of said survivor Althea Rudd."   The judgment followed the finding of the referee, and so far as it relates to the present question is in the following language : " That the defendant Genevieve M. Rudd is entitled to receive from the said trustees a two-fifteenths share or interest of the income, rents and profits from said undivided half part of the premises described in the complaint, and a remainder in fee of a two-fifteenth part of the same, such interest in said income and such remainder being subject to be increased by the death of said Janet Rudd, or the death, without leaving issue, of any one or more of the children of the said George Rudd, deceased, prior to the death of said survivor Althea Rudd."

It is to be noticed that the language of the report and judgment only assumes to determine that Genevieve is possessed of a remainder in fee in the real property partitioned. Such, in fact, was her estate at that time. She was alive and had survived her father, and under the construction which we have attached to the will, she held in the estate a vested remainder in fee. It was subject, however to be defeated by her death before the termination of the trust period. If, then, the adjudication that she possessed a remainder in fee be consistent with and declaratory of the estate which she in fact possessed, it is clear that the judgment itself is not a bar to the present action or conclusive as an adjudication of the proper construction of the will, which issue is directly involved in this action for the purpose of determining the ultimate rights of Genevieve's heirs at law and personal representatives in the estate. We are, therefore, to see if, under rules of law, the judgment may be limited to a declaration of the estate which she undoubtedly possessed at the time of its rendition. It is to be borne in mind that this judgment does not declare that the interest of Genevieve is a vested remainder in fee simple absolute; the language is "a remainder in fee."

It is provided in the Real Property Law (Laws of 1896, chap. 547, § 21) that "an estate of inheritance continues to be termed a fee simple, or fee, and when not defeasible or conditional, a fee simple absolute, or an absolute fee." Giving force and effect to this language, it seems clear that the estate of Genevieve, in accurate language, could be stated to be a fee simple, or fee, even though it was a vested estate subject to be divested by death before the termination of the particular estate. The fact, therefore, that the word "remainder" precedes the words "in fee" in the judgment adds no force whatever to the tenure of her estate. It was simply descriptive of what that estate was, and in this respect was entirely accurate, as it was an estate in remainder and also in fee; but as it was subject to be defeated, it did not attain to the higher estate of a fee simple absolute, or an absolute fee, and the judgment does not assume so to declare by any language used therein. Further provisions of the statutes add force to that which we have quoted. By section 26 of the Real Property Law estates in expectancy are defined to be future estates and reversions; and by section 47 of the same law it is provided when expectant estates are defeated,

and among the provisions is the following : " But an expectant estate may be defeated in any manner, or by any act. or means which the party creating such estate, in the creation thereof, has provided for or authorized." And by the Personal Property Law (Laws of 1897, chap. 417, § 2) limitations of future or contingent interests in personal property are made subject to the rules prescribed in relation to future estates in real property.

It is evident, therefore, that however the estate of Genevieve be regarded, whether as creating an interest in the land partitioned, or in the proceeds of the same, there is nothing contained in the statutes which either enlarges or diminishes the estate which she took under the will, and the language of the judgment neither enlarged nor diminished such estate as defined by the statutes and provided in the will. By no process of reasoning can the words " remainder in fee " used in the judgment be construed to mean a fee simple absolute, or an absolute fee, and force be given to the statutes defining such estate. Consequently, her estate being vested subject to be divested, and the legal title to the property being in the trustees, she obtained no rights by the judgment in partition, or by any provision of law, under which she could change or enlarge her estate as given by the provisions of the will. The estate created by the will and defined by the judgment and the statutes was at all times subject to be defeated ; it was to take effect in the future, and was, therefore, an estate in expectancy. As the will provided the condition under which it could ripen into a fee simple absolute, and be defeated if the condition failed, it was a defeasible estate ; and the condition upon which it depended for further enlargement having failed, it ceased absolutely to exist, and nothing contained in the provisions of either judgment sought to be invoked in this action has saved it, and nothing therein in the slightest conflicts with or affects the construction which we have placed upon the will.

If these views are correct, it follows that the judgment should be affirmed, with costs to all parties payable out of the estate.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs to all parties payable out of the estate.