## VOLUME 71,

### AND

# New York State Reporter,

## VOLUME 105.

---

(62 App. Div. 316.)

### HAFNER et al. v. HAFNER et al.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

WILLS—ACCUMULATIONS—DIRECTION FOR PAYMENT OF MORTGAGES.
A clause of a will providing that after the payment of certain legacies the remainder of the income of the estate should be applied to the payment of mortgages on testator's property was void, under 1 Rev. St. p. 726, §§ 37, 38, prohibiting accumulations except for the benefit of minors.

2. SAME—CONNECTED CLAUSES.
Where a will provided that annuities should be paid to certain legatees until mortgages on testator's property had been discharged by payment from the income of the estate as directed in another clause, such provision for annuities failed because inseparably connected with the clause relating to payment of incumbrances, which was void because directing an unlawful accumulation.

3. SAME—INTENTION OF TESTATOR.
Where it was evident from the whole text of a will that it was testator's intention to provide equally for three different classes of his descendants, and annuities to two of the classes failed because coupled with a void clause, an annuity to the other class should not be allowed to stand, though not invalid by the terms of the instrument, since such holding would defeat testator's manifest intention.

4. SAME—ANNUITIES—VESTED INTEREST.
Testator devised property in trust during the life of his daughter, the income to be divided equally between the daughter, a granddaughter, and the children of a deceased son, and on the termination of the life estate the corpus of the estate to be divided between the children of the daughter, the granddaughter, and the children of the son, providing that, in case of the granddaughter's decease prior to the division, her issue, if any, should receive her share, but that, in case she had none, her share should pass to the other remainder-men. The granddaughter died before testator, leaving a son who survived testator, but died before the

71 N.Y.S.—1

life tenant. *Held*, that the administrator of such son was entitled to one-third the income of the estate accruing before the son's death, but that the income accruing after his death did not pass to the administrator, but to the presumptive owner of the next eventual estate.

5. SAME—LIFE ESTATE—CONTINGENT REMAINDER.
   Testator devised property in trust during the life of his daughter, the income to be divided between the daughter, a granddaughter, and the children of a deceased son, and at the termination of the life estate one-third of the principal to go to the granddaughter, if living at that time, or, if deceased, to her issue, or, in case she had no issue then living, her share to be divided among other legatees. The granddaughter died before the testator, leaving a son, who died before the life tenant. *Held*, that the son took a remainder contingent on his surviving the life tenant, and not a vested remainder on the death of testator.

Appeal from special term, New York county.

Action by Lawrence C. Hafner and another, as executors, against Rosana C. Hafner, impleaded with others, to construe a will. From a judgment of the special term (69 N. Y. Supp. 456) in favor of plaintiffs, Rosana C. Hafner and Thomas F. Brandon, individually and as administrators, appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Howard C. Tracy, for appellant Brandon.
William H. Hirsh, for appellant Rosana Hafner.
Robert A. B. Dayton, for respondents Lawrence Hafner and another.
George F. Warren, for respondents Francis McCabe and others.

PATTERSON, J. The executors and trustees under the last will and testament of Francis McCabe, deceased, brought this action to obtain a judicial construction of such will, by which, after providing for payment of debts and funeral expenses, the testator devised and bequeathed all of his estate, both real and personal, to his executors, and the survivor of them, to have and to hold the same for and during the life of his daughter Rosana, upon trusts to invest and reinvest and keep invested all his personal estate in and upon bonds and mortgages upon real estate in the state of New York, and to let or lease the real estate of which he died seised, and to collect the rents, dividends, interest, and income of the real and personal estate for and during the life of his said daughter, and to apply the net income for the payment of all taxes, assessments, insurance, and other expenses. The will contains the following further dispository provisions:

"First: I direct my said executors to pay unto my daughter Rosana, wife of Lawrence C. Hafner, out of said net income, the sum of fifteen hundred dollars annually, in equal quarterly payments, until the mortgages now liens or which may be liens upon my real estate shall be fully paid and discharged as hereinafter mentioned. Second. I direct my said executors to pay out of said income unto my granddaughter Loretta Donlon the sum of one thousand dollars annually, in equal quarterly payments, until the aforesaid mortgages shall be fully paid and discharged as hereinafter provided. Third. I direct my said executors to pay out of the said income unto my daughter-in-law, Margaret McCabe, widow of my deceased son, Eugene, the sum of three hundred and sixty dollars annually, in equal monthly payments, during the continuance of the trust herein created, and so long as she shall remain un-

married. Fourth. I direct my said executors to set apart out of the said income the sum of fifteen hundred dollars annually, and to apply so much thereof from time to time as in their judgment shall be necessary and requisite for the support, maintenance, and education of my three grandchildren, viz. Francis, Agnes, and Isabella, children of my deceased son, Eugene, during their minority, and to pay over any surplus thereof remaining unexpended when the youngest of my said grandchildren shall attain the age of twenty-one years unto my said grandchildren then living, equally, share and share alike, and, upon my said youngest grandchild attaining the age of twenty-one years, thereafter to pay the sum of fifteen hundred dollars annually to my said grandchildren, to be divided between them equally, share and share alike. Fifth. All the rest, residue, and remainder of said income, except as hereinafter provided, I direct my said executors to apply to the payment and discharge of such bonds and mortgages as may be liens upon any of the real estate of which I may die seised, until such mortgages shall be fully paid and discharged, to the end and that all the said real estate shall be free, clear, and unincumbered of and from all liens. Sixth. After the aforesaid bonds and mortgages shall be fully paid and discharged as provided in the preceding section, then I direct my said executors to divide the said rest, residue, and remainder of said income annually into three equal parts, and to pay one equal third part thereof unto my daughter Rosana, wife of Lawrence C. Hafner, for and during her life; to pay one other third part thereof unto my granddaughter Loretta Donlon; and to divide the remaining third part thereof between my three grandchildren, Francis, Agnes, and Isabella, equally, share and share alike; and, if either of my said grandchildren be under the age of twenty-one years, then I direct my said executors to retain the share of such grandchild, and to invest the same until he or she shall attain such age of twenty-one years, and thereupon to pay such share of said income, with all accumulations of interest thereon, unto such grandchild. After the death of my daughter Rosana, I direct my said executors to cause my said estate, both real and personal, to be divided into three equal parts, as near as may be, and to pay over and allot one of such equal third parts unto the children of my daughter Rosana, then living; to pay over and allot one other equal third part unto the children of my deceased son, Eugene, then living; and to pay over and allot the other equal third part unto my granddaughter Loretta Donlon. If my said granddaughter Loretta Donlon should be deceased at the time of such division, leaving lawful issue, then I give, devise, and bequeath the share herein devised and bequeathed to her to such issue; but, if she die without such issue, then I give and devise one half of such share unto the children of my daughter Rosana, and the other half thereof I give and devise unto the children of my deceased son, Eugene. If either of my grandchildren should die before my daughter Rosana, then I give, devise, and bequeath the share herein given and devised unto such deceased child to its lawful issue, if any, and, if there be no such issue, then unto my grandchildren who shall be the brother and sister of said deceased; it being my will that the lawful issue of any deceased grandchild shall in all cases take the share that his or her or their parent would have if then living."

The testator left, him surviving, his daughter Rosana C. Hafner, upon whose life the trust was limited; his three grandchildren, Francis, Agnes, and Isabella McCabe, children of his deceased son, Eugene; and Francis McCabe Brandon, a great-grandson, who was the son of the testator's granddaughter Loretta Donlon, who was the daughter of the testator's daughter Catherine. Loretta Donlon died before the testator. She left, her surviving, her husband, Thomas F. Brandon, who was appointed administrator of her goods, etc., and her child Francis McCabe Brandon. The latter died on December 3, 1899, aged 4½ years, leaving, him surviving, his father, the defendant Thomas F. Brandon, who was his only heir at law and next of kin, and who was also appointed administrator of the in-

fant's goods, etc. The testator's daughter Rosana had three children, all of whom survived the testator, but one has since died unmarried and without issue. The children of the testator's deceased son, Eugene, are still living, all of them infants.

On the trial of this action it was held in the court below that the fifth clause of the will was void; that the directions contained in the first and second clauses to pay annuities to Rosana C. Hafner and Loretta Donlon ceased, determined, and became of no effect immediately on the death of the testator; that the sixth clause of the will, providing for the disposition of the income into three parts after the mortgages referred to in the fifth clause should be fully paid, took effect immediately upon the death of the testator; that Francis McCabe Brandon, the son of Loretta Donlon Brandon, was entitled, so long as he lived, to one-third part of the income of the estate by the sixth clause of the will directed to be paid to his mother, Loretta Donlon; that Francis McCabe Brandon never took any vested estate in the principal of the property and estate of the testator, and that the defendant Thomas F. Brandon, as administrator of Francis McCabe Brandon, deceased, or as administrator of Loretta Donlon Brandon, deceased, has not any estate or interest in or to the principal of the estate of the said testator, or in or to the income of the estate which accrued after the death of Francis McCabe Brandon; that the one-third part of the income directed by the sixth clause of the will to be paid to Loretta Donlon during the life of Rosana C. Hafner is undisposed of under the will; that the defendants Clara V. Hafner and Edwin J. Hafner, the children of Rosana Hafner, are presumptively entitled to an undivided one-half part of the next eventual estate, and that the defendants Francis, Agnes, and Isabella McCabe, the children of Eugene McCabe, are presumptively entitled to the other one-half part of the next eventual estate; and that one-half of the one-third part of the income undisposed of by the will should be paid to the said Clara V. Hafner and Edwin J. Hafner, and the other one-half part thereof to the defendants Francis, Agnes, and Isabella McCabe. The judgment also provides "that all the clauses and provisions of the said will other than those in and by this judgment expressly construed and adjudicated on are valid and effectual." The defendant Thomas F. Brandon, individually and as administrator of his deceased son, Francis McCabe Brandon, appeals from such parts of the judgment as decreed that the annuities contained in the first and second clauses of the will ceased and determined and became of no effect upon the death of the testator, and also from that part which adjudges that Francis McCabe never took any vested estate in the principal of the property and estate of the testator, and from that part which adjudges that he, as administrator of the goods, chattels, and credits of Francis McCabe Brandon, or as the heir of Francis McCabe Brandon, or as administrator of his deceased wife, never took any estate, right, title, or interest in or to the principal of the property and estate of Francis McCabe, deceased, or any interest in the income thereof which accrued after the death of Francis McCabe Brandon, and also from that part of the judgment which de-

clares that upon the death of Francis McCabe Brandon one equal third part of the rest, residue, and remainder of the rents and income of the property and estate of the testator in and by the sixth clause of the will directed to be paid to Loretta Donlon during the life of Rosana Hafner became and now is undisposed of under the will, and that the defendants Clara V. Hafner and Edwin J. Hafner on the death of Francis McCabe Brandon became presumptively entitled to an equal undivided half part of the next eventual estate, and that the defendants Francis, Agnes, and Isabella McCabe then became entitled, and are now presumptively entitled, to the other undivided half part of the next eventual estate, and from that part of the judgment which gives construction to the sixth clause of the will to his exclusion in any capacity from a share in the distribution of the testator's property or income thereof directed to be made under such sixth clause. The defendant Rosana C. Hafner appeals from so much of the judgment as adjudges that the annuity given her by the first clause of the will ceased, determined, and became of no effect immediately upon the death of the testator, and from that part of the judgment which gives construction to the sixth clause of the will, defines the interest of the parties, and provides for distribution thereunder.

It necessarily follows from what has been decided in Hascall v. King, 162 N. Y. 134, 56 N. E. 515, that the fifth clause of the will before us is void, as the court below, following that case, held. With the fifth clause, the annuities provided for in the first and second clauses also fail, for they are inseparably connected with the fifth clause. The provision contained in the third clause of an annuity for the widow of the testator's son, Eugene, is made expressly to continue during the whole trust term, or so long as she shall remain unmarried; and, in the distribution directed by the judgment to be made under the sixth clause, the court has properly protected and provided for the payment of that annuity. We agree with the court below that notwithstanding the elimination of the fifth clause, and a failure of the annuities dependent upon it, other valid dispository provisions of the will may be carried out; the intention of the testator being readily ascertainable from a survey of the whole will. The effect of expunging the fifth clause is merely to move up or accelerate the provisions of the sixth clause relating to income, which become operative as of the time the will went into effect; but in ascertaining the intention of the testator, in order to give force to the sixth clause, we are compelled to differ with the learned judge below in his view that the fourth clause is in part enforceable, and that the annuities to the children of Eugene therein provided for may stand, while those intended for the testator's daughter Rosana and his granddaughter Loretta fail. It is to be noticed that the testator, in making his will, intended to provide for three branches of his family, and that he sought to secure equality in interest among them, as near as might be, in consideration of the fact that one of the three branches of that family was represented by a single individual,—his granddaughter Loretta. In disposing of the income of his estate, he had in contemplation

two distinct things: First, to provide for the three branches of his family until the mortgages referred to in the fifth clause were paid; and, second, after such mortgages were paid, to provide for these three branches until the termination of the trust with the life of his daughter Rosana. That he must have anticipated that the annuities provided for in the first, second, and fourth clauses would continue for many years, is apparent from the proof of the situation of his estate, and of the amount of income received from it. It is in evidence that the whole net income (all the annuities being considered) from January, 1896, to September, 1900, was $6,000, or less than $2,000 a year. At the time of his death there were $65,000 of mortgages upon the real estate. The executors or trustees were required by the fifth clause to pay the incumbrances from the net income, after deducting the annuities, which amounted to $4,360 a year. They were not authorized to pay incumbrances from any other source than the income, for they were expressly required to keep the personal property invested in mortgages on real estate. It is, we think, evident that the testator believed that the annuities for the benefit of his daughter Rosana and his granddaughter Loretta would be paid for many years, and that he did not intend by the fourth clause to give a preference to the children of his son, Eugene, which would produce great inequality among the branches of his family in case the annuities to his daughter and granddaughter should fail,—a situation he could not possibly have foreseen. The creation of the three classes of annuities was made in pursuance of one scheme, and, while there was undoubtedly a slight advantage given to the children of Eugene by the fourth clause, in case the mortgages were paid off before the termination of the trust, we cannot conclude from that circumstance that the testator, in view of the situation of his estate and of the purpose he obviously had in mind, intended to create so great a disparity that, on a redistribution of his estate under the sixth clause, necessitated by a condition he never contemplated, the children of Eugene should receive so much larger a share of income than the other two branches of his family. We are of the opinion that the fourth clause must fall with the first and second clauses, as a part of one whole, consistent scheme of distribution during a certain period, which scheme fails in its entirety, and that the rest, residue, and remainder of income referred to in the sixth clause is, in view of the new situation, to be regarded as the whole net income remaining after the payment of the annuity to the widow of Eugene. Any other view of the subject destroys the manifest intention of the testator to secure equality in the enjoyment of his estate among the various branches of his family.

We concur with the learned judge below that the defendant Thomas F. Brandon, as administrator of Francis McCabe Brandon, or as the heir at law of Francis McCabe Brandon, or as administrator of Loretta Donlon Brandon, has no interest either in the principal of the estate of Francis McCabe, the testator, or in the income of the estate which accrued after the death of the infant Francis McCabe Brandon. When this will was before us on another

inquiry (In re Hafner, 45 App. Div. 549, 61 N. Y. Supp. 565), we considered the rights of that infant to the income provided for his mother under the second clause of the will, namely, to the specific annuity of $1,000 a year; and those rights were determined without reference to the invalidity of the fifth clause, which subject was not then before the court. We did not intend definitely to construe the sixth clause, or those provisions of the will which disposed of the corpus of the estate after the termination of the trust.

The court below was right in awarding to the defendant Brandon so much of one-third of the income as accrued during the life of his infant son, and in holding that after the death of that infant the income derived from that third passed to the presumptive owners of the next eventual estate. The appellant Brandon concedes that the provisions of the sixth clause of the will took effect immediately upon the death of the testator; that the one-third net income primarily intended for the benefit of Loretta Donlon Brandon passed to those presumptively entitled to the next eventual estate; but he contends that the persons so presumptively entitled are not the children of Mrs. Hafner and of Eugene McCabe, but himself; that there was a vested remainder in that third in his infant son; and that he succeeds to it, as the only heir at law and next of kin of his son. As we construe this will, the interest of Loretta Donlon Brandon, or of her child, was contingent upon her or his surviving Mrs. Rosana C. Hafner. There was no gift at all of the corpus of the estate until after the death of Rosana Hafner, or except as associated with the direction to the executors to divide. The testator, in express words, referring to the share of Loretta Donlon, directs:

"If my said granddaughter Loretta Donlon should be deceased at the time of such division, leaving lawful issue, then I give, devise, and bequeath the share herein devised and bequeathed to her to such issue; but, if she die without issue, then I give and devise one half of such share unto the children of my daughter Rosana, and the other half thereof I give and devise unto the children of my deceased son, Eugene."

The gift to the children of his daughter Rosana is made distinctly to those who shall be living at the decease of his daughter at the time of distribution, and so with reference to the children of his deceased son, Eugene. Until Mrs. Hafner died, no portion of the estate is to be set apart for any one of the devisees or legatees. Payment alone is not deferred, but the vesting in interest is postponed. The gift is not immediate, but vests only when the division is made after the expiration of the trust. This case, as we understand it, falls within the rule stated in Re Crane, 164 N. Y. 71, 58 N. E. 47; Rudd v. Cornell, 58 App. Div. 207, 68 N. Y. Supp. 757; In re Baer, 147 N. Y. 348, 41 N. E. 702; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388. It is argued that it is distinguishable from the cases cited, and falls within exceptions to the rule, one of which is that where the postponement of time of payment is for the convenience of the estate, or the benefit of an ultimate devisee, or to let in some intermediate estate, the rule does not apply. But here the language of the will cannot be construed into a mere postpone-

ment of the time of payment. We cannot find a gift elsewhere than in the direction to divide, or which could vest anterior to the time of division; nor do not find in the will any words which would import a gift other than in the direction to divide and distribute.

The judgment should be modified in accordance with the conclusions above stated, and as modified affirmed, with costs to the appellant Rosana Hafner and to the respondents, to be paid out of the income of the estate. All concur.