**CLANCY**, Respondent, v. **LARSEN**, Appellant. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Charles Clancy against Magnus Larsen. No opinion. Judgment of the municipal court affirmed, with costs.

**CLARK** v. **CONGRESS BREWING CO.** (Supreme Court, Appellate Division, First Department. October 24, 1902.) Action by Eliza C. Clark against the Congress Brewing Company. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of $10 additional, leave given to apply to court below to open default.

In re **COLE** et al. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) In the judicial settlement of the accounts of George Cole and others. PER CURIAM. Order and decree modified, by reducing the amount allowed the claimant and respondent by the sum of $156, as of the date of the decree, and, as thus modified, affirmed, with costs against the appellants personally. *Held*, that the presumption of consideration, which, concededly, would have attached to the note in question, except for chapter 612, Laws 1897, was not affected by said act.

**COLLINS**, Respondent, v. **MILLER** et al., Appellants. (Supreme Court, Appellate Term. May, 1902.) Action by Thomas Collins against Abraham Miller and others. Einstein & Townsend, for appellants. A. Morris, for respondent. PER CURIAM. The facts are undisputed. On a Saturday in August, 1899, defendants hired a horse of the plaintiff. The horse was in first-class condition, and was to be returned the same night to the stables where he was kept. He was not returned, and on Monday next the defendants informed the stablekeeper that the horse was dead. It appears that he did a hard day's work on Saturday, and was taken ill, and that, on the advice of a veterinary surgeon, the defendants' driver gave the horse niter, and the animal died shortly afterwards. This Saturday was a very hot day, and, as we have stated, the horse appears to have been worked very hard by the defendants' driver. The value of the horse, at the time of entering into the employ of defendants, is stated on reliable authority to have been $150, for which amount, with costs, the justice gave judgment in favor of plaintiff. Defendants appeal. There is quite sufficient evidence to warrant the justice in concluding that the horse died through the improper treatment and negligence of defendants. Where a horse is in sound condition when it leaves the plaintiff, and is taken into the custody of the defendants, the loss of the horse while in the possession of defendants establishes a prima facie case against the defendants to put them on their defense. Rutherford v. Krause, 55 App. Div. 210, 66 N. Y. Supp. 781; Lyns v. Thomas, 34 Misc. Rep. 175, 68 N. Y. Supp. 802; Whalen v. Electric Co., 63 App. Div. 615, 71 N. Y. Supp. 593; Nichols v. Balch, 8 Misc. Rep. 452, 28 N. Y. Supp. 667. Defendants' excuse is that, upon the advice of a veterinary, their driver gave niter. It appears, however, that the driver did not know the person who gave the advice was a veterinary, or have any reason so to believe at the time of giving the niter. The fair inference from the testimony is that the horse was overworked by the driver, under the directions of defendants, on a hot day. As the horse was sound when delivered to the defendants, the onus was upon them to show that they took proper care of him, and were not guilty of negligence that caused the death. Collins v. Bennett, 46 N. Y. 490. This they have failed to do. The defendants' driver, in his somewhat confused and contradictory evidence, says that he was not sure that it was niter that was given to the horse, but that something was given which somebody told him was niter. The judgment was right, and must be affirmed, with costs. Judgment affirmed, with costs.

**CONNOR** v. **VILLAGE OF WOLCOTT.** (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Caroline B. Connor against the village of Wolcott. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

**CONWAY**, Respondent, v. **BROOKLYN HEIGHTS R. CO.**, Appellant. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by James Conway against the Brooklyn Heights Railroad Company. No opinion. Motion denied.

**COOPER**, Respondent, v. **SUKOVICY** et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Edward Cooper against Isidor Sukovicy and Solomon Sukovicy. No opinion. Judgment of the municipal court affirmed, with costs.