NEWTON and CLARK, executors &c., vs. McLEAN and others.

The rule in equity is that, as between two parties having equal equities, the prior equity must prevail; but if the party having the subsequent equity clothes himself with the legal title before he has notice of the prior equity, such legal title must prevail.

Where one conveys land to another by deed absolute on its face, and the grantee, while thus apparently invested with the legal title, mortgages the land to a third party for a valuable consideration, the title of the mortgagee cannot be divested by proof that the grantee in the deed held the premises merely in trust for another, without any interest therein, at the time he assumed to execute the mortgage thereon.

To overreach the mortgage so given by the holder of the legal title, which vests the mortgagee with a legal estate in the premises, the person claiming to be the equitable owner of the premises is bound to go further than simply to show his prior equity. He must show that the mortgagee had notice of such prior equity, before advancing the consideration for the mortgage.

The possession which will avoid a deed for champerty must be under claim of a title adverse to that of the grantor, in the deed sought to be avoided. A *cestui que trust* cannot claim to hold adversely under his own trustee.

APPEAL from a judgment entered upon the report of a referee. The action was brought to foreclose a mortgage, dated December 21st, 1860, given by the defendants, Hector McLean and Archibald H. McLean to James Chappell, the plaintiff's testator, to secure him for indorsing for their accommodation two promissory notes, one for $700 and another for $2000, which Chappell was obliged to pay and did pay. The answer alleged that at the time of the execution of the mortgage Hector and Archibald H. McLean had no interest in the mortgaged premises, but that the defendant Donald Mc-Lean conveyed the mortgaged premises to Hector McLean, in trust, to receive the rents and profits, and apply the same during his life to the grantor's support. The case was referred to a referee, for hearing and decision. On the trial the defendant proved an absolute deed from Donald McLean to Hector McLean, and that the consideration was $100. He then offered to prove that at the time of the execution of the deed there was a verbal agreement between the grantor and

grantee that the grantee was to take the deed and manage the premises for the use and benefit of the grantor, and that the grantor remained in possession in pursuance of this agreement. This testimony was excluded, and the defendant excepted. The defendant also offered to show his own declarations after the execution of the conveyance, to the same effect. This also was excluded and an exception taken. After the testimony had been closed for several days, and when the parties met to sum up the case, the defendant asked to recall the witness, and have him further testify as to letters, claimed to be lost between the grantor and grantee. This was refused as opening the case anew upon that subject. The defendant again gave notice of an application to the referee to open the case to let in this evidence, but did not appear to make the application. The defendant now also makes a motion for a new trial, on the ground of newly discovered evidence, being the same evidence offered on the trial.

*Scott Lord,* for the appellant.

*M. S. Newton,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.    Upon the facts found by the referee I do not see why the conclusions of law based thereupon were not entirely legitimate and sound. The plaintiff made out a clear case upon his evidence, and the referee finds as matter of fact that the matters set up in the defendant's answer were not established. It follows that as no defense was made out the plaintiff was entitled to judgment for the foreclosure of the mortgage set out in his complaint. It therefore becomes necessary to inquire whether the exceptions to the exclusion of evidence offered by the defendants were any of them well taken. The first exception relates to the evidence offered to prove that the defendant Donald McLean was an illiterate person and had been afraid of being cheated by people, and that at the time of the execution of the deed from him to Hector McLean there was a

verbal agreement that the latter should take a deed of the premises and manage them for Donald's use and benefit, and he, Donald, should remain in possession in the mean time; that the deed to Hector was executed in pursuance of such agreement; and that Donald had remained in possession ever since the execution of such deed. This evidence was objected to and excluded by the referee. The whole offer, taken together, tended to establish that the defendant Donald McLean was the equitable owner of the premises in question, and that Hector took and held them in trust for his benefit. This offer was doubtless excluded upon the ground that it did not go far enough to displace the plaintiff's equity as a bona fide purchaser of the premises. Hector was invested with the legal title by the deed to him of the defendant Donald, given in evidence, of the date of June 21, 1844. And being thus apparently upon the face of the record invested with such legal title, he conveyed the same to the plaintiff's testator, for a valuable consideration. To overreach the mortgage to Chappell, which vested him with a legal estate in the premises, the defendant was bound to go further than simply to show his prior equity. He was bound to show that Chappell had notice of such prior equity, before he advanced the consideration for the mortgage; that is to say, before he indorsed the notes of Hector which the said mortgage was given to secure. The rule in equity is that as between two parties having equal equities the prior equity must prevail; but if the party having the subsequent equity clothes himself with the legal title before he has notice of the prior equity, such legal title must prevail. So far as the defendant's offer went it did not propose to show that Chappell had any notice of the prior equity of the defendant Donald McLean when he took his mortgage and incurred the liability it was given to secure. The exception must be considered as though the evidence had been received, and such evidence must in this sense be considered in connection with the other evidence in the cause. And if in connection with such evidence it would have

made out a defense under the pleadings, it ought to have been received. It appears from the case that evidence was given and received tending to establish the fact that Chappell had notice of this prior equity, and such evidence was controverted, and the issue thus made on the evidence is found by the referee against the defendant. In this view the evidence tending to show the prior equity, thus excluded, would have been of no benefit to the defendant and would not have established a defense. To charge Chappell with notice of the prior equity it was necessary for the defendant to show that he had notice of such prior equity. The argument that he had constructive notice of such equity in the fact that Donald McLean was in possession of the premises fails, for the reason that it is not proved that Chappell knew such fact. In *Grimstone* v. *Carter*, (3 *Paige*, 437,) it is held that if the party claiming the prior equity is in possession of the estate, and the subsequent purchaser has notice of that fact, it is sufficient to put him upon inquiry as to the actual rights of such possession, and is good constructive notice of such rights. This is sound law and the settled rule in equity, in such cases. The offer of the defendant did not propose such proof, and the referee having admitted evidence tending to establish such fact, has found that it was not proved. It seems therefore that the defendant was not injured by the exclusion of this evidence; for the proof given assumed the very fact offered to be proved, that Donald McLean had the prior equitable title to the premises in question, and the referee has found for the plaintiff on that issue. This exception, I think, therefore, is not well taken.

The next exception is to the exclusion of the proof tending to show that the defendant Donald McLean was in possession claiming to hold adversely, and it is claimed that the plaintiffs' mortgage was therefore void under the statute avoiding deeds where the grantor is not in possession, and has not been, for one year preceding the making of such deed. (1 *R. S.* 739, § 148.) This exception is not well taken,

Newton *v.* McLean.

Donald could not claim to hold adversely under his own trustee. His occupation was like that of a tenant at will. It was not under claim of title adverse to that of his trustee whose title was derived from him. He could not claim adversely to his own title, or the title of Hector derived from him, and under which he had remained and held possession. The possession which avoids a deed for champerty must be under claim of a title adverse to that of the grantor in the deed sought to be avoided. (*Crary* v. *Goodman*, 22 *N. Y. Rep.* 170. *Holdridge* v. *Stiles, decided by Court of Appeals, Dec. term,* 1862, *and not yet reported.*) Donald McLean could not make any such claim, and the evidence was therefore properly excluded. The evidence of the title papers, claimed to have been destroyed by fire, was properly excluded. It was immaterial in fact, and it was a matter in the discretion of the referee whether he would or would not open the case to receive it. I cannot see that the evidence, if received, would in any degree have varied the case. It was simply additional evidence to establish a prior equity in Donald McLean, which was virtually assumed in the disposition made of the case by the referee as I have stated.

The motion for a new trial, on the ground of newly discovered evidence, should be denied. The evidence offered would be cumulative merely, on the single issue of the prior equity of the defendant Donald McLean. The case presents no basis, that I can see, for a claim that the prior equity of Donald McLean should prevail over the equity of the plaintiffs. Donald McLean conveyed his property to his son for his own use and benefit, and thus enabled him to commit what would be a great fraud upon the plaintiff's testator, if the claim arising upon his equitable title were to prevail over the legal estate acquired by Chappell under the mortgage. A party who enables another to commit a fraud ought rather to suffer the consequences of such fraud than to subject an innocent person, acting in good faith and relying upon the

evidences of title given by such original owner of the estate, to suffer injury from such fraud.

I think the judgment should be affirmed, with costs.

[MONROE GENERAL TERM, September 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]