38 394
a166a632

ANN M. SMITH and CELIA RAYNOR, Appellants, *v.* NELSON TERRY, Respondent.

*Husband and wife — conveyance of land by the husband to a trustee to apply the income to the support of the wife during her life and convey the land to the husband's heirs at law should he predecease her — it creates an irrevocable power in trust — effect of a reconciliation between the husband and wife — possession of the premises by one holding under a lease from the widow does not avoid a deed from the trustee to the heirs.*

A husband and wife having separated, an indenture under seal was entered into between the husband, the wife and a third person, which recited that, for the purpose of providing for the support and maintenance of the wife, the husband conveyed to the third person a certain lot of land, in trust, to collect the rents and after defraying the necessary expenses to pay over the balance to the wife during her natural life, and upon her death to convey the premises to the husband, if he should be living, or, if he should die before his wife, then to convey the same to his heirs at law. The husband died before the wife, and the trustee, after the wife's death, conveyed the premises to the husband's heirs at law.

In an action brought by the latter to recover possession of the premises it was

*Held,* that the instrument executed by the husband and wife was a present conveyance which not only vested rights in the wife, but also in the heirs of the grantor in case the husband should predecease the wife;

That the fact that, after the execution of the instrument, the husband and wife became reconciled and lived together until the death of the husband, had no effect upon the rights of his heirs, even assuming that, from the time of the reconciliation, the husband could either have obtained the income of the trust estate or insisted on its application to the wife's support in such a manner as to relieve him *pro tanto* from that charge;

That he had at least granted a valid power in trust to be exercised in favor of his heirs in case he should not survive his wife, and no right to revoke such power in trust having been reserved in the trust deed, it was irrevocable;

That the deed from the trustee to the heirs at law of the husband was not void because the premises were in the possession of one claiming under a lease for a term of years executed by the widow, as such possession could not be deemed adverse to the title of the heirs at law, and for the further reason that the possession of the widow could not be adverse as against her trustee.

*Semble,* that the rights of the wife under the trust deed were not abrogated by her subsequent cohabitation with her husband.

APPEAL by the plaintiffs, Ann M. Smith and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 13th day of July, 1898, upon the decision of the court rendered after a trial at the Kings County Trial Term before the court without a jury.

*Augustus N. Weller,* for the appellants.

*Horace Secor, Jr.,* for the respondent.

Cullen, J.:

The action is in ejectment to recover land in Queens county. In 1877 one Jacob Story was the owner in fee of the premises in controversy. He and his wife Huldah had separated. At this time an indenture under seal was executed between Jacob Story, his wife Huldah and one James B. Raynor. The indenture recites the existence of a difference between Story and his wife, and their mutual agreement to live apart. It then recites that, in consideration of the premises and of the sum of one dollar, and for the purpose of providing for the support and maintenance of the wife, the party of the first part (the husband) has and does grant and convey unto the party of the third part (the trustee Raynor), and to his successors and assigns forever, a certain lot of land in the town of Hempstead in trust, to collect the rents and after defraying the necessary expenses to pay over the balance to the party of the second part (the wife Huldah) during her natural life, and upon the death of the party of the second part, to convey the premises to the party of the first part if he be living, or if he shall die before his wife then to convey the same to the heirs at law of the party of the first part. By the instrument the trustee covenants to indemnify and save harmless the husband from any liability on account of the wife's support. Some years afterwards the parties became reconciled and lived together until the death of Jacob in June, 1888. He left a will by which he devised all his property to his widow. The widow survived until October, 1897. In July, 1896, Huldah leased the premises to the defendant for the term of ten years, and defendant entered into possession under such lease. At times, Story and his wife lived on the trust property, and during the major part of the time Huldah seems to have managed it and collected the rents herself. After the death of Huldah the trustee executed a conveyance to the plaintiffs, who were the only heirs at law of Jacob Story. They instituted this action to recover from the defendant possession of the demised premises. The trial court decided in favor of the defendant, and from the judgment entered on that decision this appeal is taken.

The ground on which the learned judge below based his decision

was that " by the resumption of the marital relation the agreement
of separation and the trust founded thereon ceased, and *ipso facto*
the estate of the trustee also ceased and the title reverted to the
husband." In support of this view was cited the case of *Zimmer*
v. *Settle* (124 N. Y. 37). In that case Judge BRADLEY said :
" Articles of separation between husband and wife in which another
joins with her as trustee, although valid when made, are rendered
void by resumption by them of their conjugal relation." Mr.
Bishop states (1 Bish. Mar., Div. & Sep. § 1283) that a renewal of
cohabitation commonly terminates the agreement, since the usual
consideration for it has ceased to operate. The question has lately
been discussed in this court by Mr. Justice BARTLETT in *Hughes* v.
*Cuming* (36 App. Div. 302). If the instrument executed between
the parties were a mere agreement for separation the decision of the
trial court would be correct. But the instrument was much more ;
it was a conveyance of real estate on certain well-defined and valid
trusts. Ordinarily agreements for separation between husband and
wife contain a covenant on the part of the husband for the future
payment at definite intervals of sums for the support of the wife,
and a covenant on the part of the trustee to indemnify the husband
against liability for future support. Such an agreement is essen-
tially executory, and a failure of consideration will relieve a party
thereto from his obligation to perform. But this principle does not
apply to an executed agreement.

While the indenture in this case recites as the object of the con-
veyance the support of the wife, nevertheless it is a present convey-
ance which not only vested rights in the wife, but also in the heirs
of the grantor in case the husband should pre-decease the wife. In
fact this may be termed a separation settlement, and similar in its
legal aspects to a marriage settlement. The effect of a divorce on
property rights under a marriage settlement seems well settled in
this country by the authorities. If on a settlement money is pay-
able to the wife during coverture, divorce determines the obligation
to pay ; but not so if the installments are payable to the wife during
life. (2 Bish. Mar., Div. & Sep. §§ 1655, 1656.) In *Babcock* v. *Smith*
(39 Mass. 61) the plaintiff, in contemplation of marriage with the
defendant, conveyed her estate, real and personal, to trustees in
trust (1) to apply the income to her separate use during the life of

her husband; (2) if the plaintiff survived her husband then to reconvey absolutely to her ; (3) if she should not survive her husband to pay the income to him during his life ; and (4) at his decease to convey the property to the plaintiff's children. The parties married, but subsequently the plaintiff obtained a divorce from the defendant because of his adultery. It was held that, despite the dissolution of the marriage, the husband, in case he should survive the wife, was entitled to the income during his life, and that the divorce did not entitle the plaintiff to a reconveyance as provided for on the death of her husband. In analogy, therefore, with these authorities we are inclined to the opinion that the wife's rights under the trust deed were not abrogated by her subsequent cohabitation with her husband. But if we are in error in this, and if we assume that, from the time of the reconciliation, the husband could either have obtained the income of the trust estate or insisted on its application to the wife's support in such a manner as to relieve him *pro tanto* from that charge, we do not see that the reconciliation can have any effect on the rights of third parties. The husband might have contented himself with a conveyance under which no one would have acquired any rights, but himself, his wife and the trustee. But he went further; and if, under the doctrine of *Townshend* v. *Frommer* (125 N. Y. 446), he did not give his heirs at law remainders contingent upon his own death prior to that of his wife, at least he granted a valid power in trust to be exercised in that contingency for the benefit of the same persons. This power was irrevocable, no right to revoke it being reserved in the trust deed (1 R. S. 735, § 108; Real Property Law [Laws of 1896, chap. 547], § 128) ; and the execution of the power would be decreed in equity in favor of those beneficially interested in it. The argument of the learned counsel for the respondent is substantially that in every agreement for separation there is implied a condition that if the husband and wife subsequently cohabit, the instrument shall, in every respect, become void to the same extent as if such a condition was written in the instrument. We can find no authority going to the extent of this claim. But conceding the proposition, so far as the rights of the husband and wife are concerned, we can see no reasonable ground for implying such a condition so far as the rights of third parties are concerned.

The deed from the trustee to the plaintiffs was not void because the defendant was in possession of the premises. The defendant being in possession under a lease for a term of years only, such possession cannot of itself be adverse to the title of the plaintiffs. (*Doherty* v. *Matsell*, 119 N. Y. 646.) To render the deed to the plaintiffs void it must be shown that the claim of the defendant's landlord was adverse to the plaintiff's title. The defendant entered under a lease from the widow. There is no evidence in the case that the widow assumed to claim ownership of the fee. Further, the possession of the *cestui que trust* could not be adverse as against her trustee. (*Newton* v. *McLean*, 41 Barb. 285.)

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.