(120 App. Div. 430)

### GRAHAM v. ACKERLY et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

TRUSTS—POWER OF TRUSTEES UNDER WILL TO CONVEY—MARKETABLE TITLE.
Testator gave all his property in trust, and directed the trustees, after paying other debts and funeral expenses, to pay the interest and $500 on principal, or as much as the trustees saw fit, on the bond and mortgage on the property, till paid in full; to pay $1,000 to his sister as soon as the rents and income would permit, and then to make yearly payments to a son; and empowered the trustees, on the death of certain persons, or, in their discretion, eight years after the death of testator, to sell the property and pay certain legacies. Held that, though there was an invalid provision for accumulation, there was enough vitality and power left in the will to empower the trustees to make a valid contract of sale of and give a marketable title to the real estate eight years after testator's death.

Submission of case between John Graham and Nathaniel S. Ackerly and another, as trustees of and under the will of William Ackerly, deceased. Judgment for defendants.

Submission of controversy upon an agreed case. The parties entered into a contract in writing for the sale of the premises No. ... Broadway, Brooklyn. The plaintiff paid defendants $300 as part payment of the purchase money. The plaintiff rejected the title offered by defendants as not marketable and submits this case, asking for judgment against defendants for $300. The defendants claim to have title to the property in question as trustees under the will of William Ackerly, who owned this property at his death, and they derive the right to convey the property from said will. Testator by his will gave all his property to defendants in trust, with power of sale for the

purpose of carrying out the provisions of his will. The will directs a certain mortgage to be paid off, and after that is done certain bequests are made, which the will directs shall abate proportionally if the income and interest from the estate is not sufficient to pay in full. Upon the death of Sarah E. Sammis and James Ackerly, daughter and son of the testator, the defendants are directed to sell and dispose of his estate, or to do that if they deem it wise before their death, if eight years after the decease of testator, which occurred July 9, 1894, and to pay certain legacies, which are again directed by the will to be made proportionally if the amount of the estate is not sufficient to pay them in full. The plaintiff's contention is that the general testamentary scheme of testator is so far unlawful that the validity of the power of sale given as a part of it depends upon the determination of a doubtful question of law, and that the title offered by defendants is therefore not marketable.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

William Neff, for plaintiff.
S. Le R. Ackerly, for defendants.

WOODWARD, J.   There is no primary trust herein, as in Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302. The accumulations go on from the very start, for the trustees are directed, after paying debts and funeral expenses, "to pay the interest and $500 a year principal, or as much more as my said trustees see fit, on the bond and mortgage on my property, till it is paid in full; to pay to my sister Martha Noyler, of Rahway, N. J., the sum of $1,000 as soon as the rents and income will permit, and then to pay yearly to my son," etc.   It will be seen that every other provision of the will is secondary to the clause creating the accumulations, which are prohibited by statute, and therefore the principle of Hascall v. King must apply to that portion of the will.

But the will vests the title to the real estate in the defendants, and, furthermore, it directs them to sell the same in their discretion eight years after testator's death, which occurred July 9, 1894. The contract of sale is dated August 3, 1906, and the limitation of time of sale, therefore, had expired. After such sale defendants are ordered to pay certain legacies in full or proportionately. The question of the validity of this will or its power is not raised by any heir. It is raised by the plaintiff, who is one of the parties to said contract of sale. I am of the opinion that, after applying the principle of Hascall v. King to this will, enough vitality and power are left in it, and, through it, power to the defendants, to make a valid contract of sale and to give a marketable title to the plaintiff of the said premises, and therefore this action cannot be maintained.

Judgment for defendants on submission of controversy, without costs.   All concur.