was not justified. In order to charge the defendant with liability, it was necessary for the plaintiff to do more than show that the defendant had the right to hold performances in the theater at the time the accident occurred.

The defendant proved that he had leased to the Windsor Theater Company the right to hold Sunday performances, and offered evidence to show that the Windsor Theater Company had possession and control of the theater on the day of the accident.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

---

O'KEEFE v. WESTPHAL et al.

(Supreme Court, Appellate Division, First Department.    June 24, 1910.)

1. WILLS (§ 681*)—TESTAMENTARY TRUSTS—ESTATE CONVEYED.

A will authorized testator's executors and trustees to make, execute, acknowledge, and deliver all deeds and other instruments necessary to carry out the will, and another clause gave the residue of the estate to the trustees in trust to manage and convey the whole or any part thereof at such times and for such sums as they might deem best, and to reinvest the proceeds in like trusts. *Held*, that the will vested the legal title of decedent's realty in the trustees absolutely with power of sale.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1612, 1613; Dec. Dig. § 681.*]

2. TRUSTS (§ 191*)—SALE BY TRUSTEE—MARKETABLE TITLE.

Testamentary trustees having the legal title of property with power of sale, could convey a marketable title to one to whom they contracted to sell.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191.*]

3. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION.

A provision of a will that, "upon the arrival of the youngest child of mine surviving at the age of 21 years, I authorize my said trustees" to convert all the property into cash and to pay proceeds to testator's wife and his children living at his death, referred to the youngest of testator's children, and merely suspended the power of alienation during his minority, so that it was not invalid as suspending the power of alienation for a longer time than two lives in being; the will speaking from testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 45–53; Dec. Dig. § 6.*]

Action by Patrick O'Keefe against Louis Westphal and others, executors and trustees under the last will of Paul Westphal, deceased. Judgment for defendants as stated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

James A. Donegan, for plaintiff.
Frank D. Shaw, for defendants.

DOWLING, J. The defendants as executors and trustees of and under the last will and testament of Paul Westphal, deceased, having entered into a contract with plaintiff for the purchase and sale of cer-

tain real property situate in the county of New York, the plaintiff at the time fixed for the closing of title and upon tender by the defendants of the deed conveying said property pursuant to the terms of the contract refused to accept a conveyance of the property and to pay the purchase price therefor, upon the ground that the title was not free and clear, and that the defendants had no power to convey a good title. The objections urged at the time by the plaintiff and still insisted upon are two in number: (1) That the trusts sought to be created by the will of decedent were invalid for the reason that there was no direction to the trustees to distribute any of the income absolutely, but they might do so in their discretion, and that therefore, in their discretion, they might accumulate the whole income until the time provided for the distribution, which would render the trusts invalid, whereby the power of sale given to the trustees would fall with the trusts; and (2) that subdivision E of paragraph 5 of the will created a trust which suspended the power of alienation for a longer period of time than two lives in being and therefore the trust was invalid.

The paragraphs of the decedent's will which are pertinent to the question here presented are as follows:

"Fourth: I authorize and empower my said executors and trustees to make, execute, acknowledge and deliver any and all leases, mortgages, deeds and other instruments in writing, which they may deem necessary and proper to carry out the provisions of this, my will.

"Fifth: All the rest, residue and remainder of my estate, whether real or personal or mixed and wherever situated, I give, devise and bequeath to my said trustees to have and to hold to them and their assigns forever, but in trust nevertheless for the following uses and purposes and with the following powers, namely:

"(a) To hold, manage, improve, let, lease, sell, mortgage and convey the whole or any part thereof at such times and for such sum or sums as to them may seem best, and the proceeds thereof to invest and to reinvest and to hold upon the same trusts.

"(b) Out of the net income and body of said trust estate I authorize and empower my said trustees to advance to any child of mine, upon his or her arrival at the age of eighteen years, or later, or upon the marriage of any daughter of mine prior to arriving at the age of eighteen years, a sum not to exceed $1,500, which sum is to be charged as an advance to said child in the final settlement of the trust estate.

"(c) No further or other sum out of the body of said trust estate or income thereof shall be expended at any time by my said trustees for the support and maintenance of any of my children except as heretofore provided, unless in the judgment of said trustees the child in each instance shall be in extreme need of such maintenance and support and no child shall have the right to demand any income, support or maintenance of such trustees, but such trustees may give such support and maintenance to any child at any time during the continuance of said trust, if the trustees deem it advisable and proper but not otherwise; and said trustees shall in each case treat the same as an advancement to such child in the settlement with him or her, and for his or her share in said trust estate at his or her termination of any interest therein.

"(c) I authorize, empower and direct my said trustees to allow any income not disposed of or expended during the continuance of this trust to accumulate, to be added to and thereafter form a part of the entire body of said trust estate.

"(d) In case my mother, Hermoine Chlupka, is living at the time of my death, I direct my trustees to pay her the sum of $20., per month during the term of her life, and that they keep separate and apart from the joint fund

of said trust the sum of $4,000, for said purpose, which, upon her death, is to be divided as follows:  One-third to my wife and the balance equally among my children living at the time of her death, their heirs and assigns forever.

"(e) Upon the arrival of the youngest child of mine surviving at the age of 21 years, I authorize, empower and direct my said trustees to convert all my real estate and personal property except as above stated into cash, and when all my debts and expenses connected with said estate are paid, to pay a sum equal to one-third of the whole amount of my estate to my wife, which is to be in lieu of dower; the balance thereof I request to be divided into as many parts as there are my children living at the time of my death, and the same is to be equally divided between them share and share alike, their heirs and assigns forever."

As to the first objection which is urged to the validity of this will, it is apparent that, under paragraph 4 and under paragraph 5 subdivision A, the legal title to the realty owned by decedent was vested absolutely in his trustees and a valid power of sale was conferred upon them.

This being so, the trustees could convey a marketable title.  No objection to the validity of the will or its power is raised by any heir or beneficiary and the power conferred is sufficient to authorize the giving of a marketable title.  Graham v. Ackerly, 120 App. Div. 430, 105 N. Y. Supp. 51.

As to the second objection, the decision in Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676, is controlling.  It was there held in a case similar to the one at bar that, applying to the language used the rule that a will speaks as of the time of the testator's death, it plainly referred to the youngest of his children and a suspension of the power of alienation during his minority was unquestionably valid.

Judgment is therefore directed to be entered in favor of the defendants directing the plaintiffs to accept a deed and conveyance of said property and to pay the consideration mentioned in the contract, title to be closed as of January 31, 1910, with costs to the defendants.  All concur.