### HERZIG v. HERZIG et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. TRUSTS (§ 56\*)—DECLARATION—ACTIONS TO AVOID—PARTIES.

Beneficiaries under a deed of trust are necessary parties to a suit to declare it void.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 76; Dec. Dig. § 56.\*]

2. PERPETUITIES (§ 9\*)—ACCUMULATIONS—APPLICATION OF RENTS AND PROFITS TO PAYMENT OF MORTGAGE.

A trust to apply rents and profits to a mortgage on the trust property constitutes an unlawful accumulation of income, and is in payment of the principal, and void under Real Property Law (Consol. Laws, c. 50) § 61, subd. 1, prohibiting accumulations except for the benefit of minors.

[Ed. Note.—For other cases, see Perpetuities, Dec. Dig. § 9.\*]

3. PERPETUITIES (§ 9\*)—ACCUMULATIONS—EFFECT OF INVALID PROVISIONS.

A deed conveyed certain property in trust to collect rents and profits and to pay running expenses of the property and interest and so much of the principal on existing mortgages as might be necessary, also to pay for repairs and improvements, and to pay the net income thereafter to the grantor for life, and after the grantor's death to convey the same to the grantor's children, some of whom were minors, for their support and maintenance. *Held* that, the provision for the beneficiaries being dependent on and affected by the amount which the trustees in their discretion should apply towards the payment of the principal of the mortgages or reserve to create a fund for the purpose, and the trust being void, in so far as it

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provided for an accumulation of income to pay the mortgages, it was void in toto.

[Ed. Note.—For other cases, see Perpetuities, Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Carrie Herzig against Milton Herzig and others to terminate a trust. ·From an order denying plaintiff's motion for judgment on the pleadings, she appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John A. Garver, for appellant.
Abraham G. Meyer, for respondents.

LAUGHLIN, J.   This action is brought by the settlor of a trust against the trustees and the beneficiaries to have it adjudged that a conveyance made by the plaintiff to the trustees and a. declaration of trust made by them to her, and executed by her also, are null and void, and that they be canceled and discharged of record, and that the trustees be required to reconvey the premises and to account for the rents, income, and profits thereof. None of the beneficiaries under the declaration of trust, excepting the infant defendant, Gertrude C. Herzig, interposed an answer, and all excepting the infant favor the annulment of the trust. The infant interposed the usual answer; but pending the action she attained her majority, and her special guardian, representing her, appeared on the argument and stated that she also is in favor of having the trust annulled. The trustees are not beneficiaries. They interposed an answer, in which none of the allegations of the complaint are denied, excepting allegations with respect to the rents, income, and profits received and disbursed by them, which relate only to an accounting. The trustees also allege as separate defenses that before the commencement of the action a judgment was recovered against the plaintiff, upon which an action has been brought and is still pending against her and the trustees for the cancellation of the declaration of trust, and to have the judgment declared a lien upon the land which is the subject of the trust, that the judgment creditors are necessary parties to this action, and that the relief sought herein may be obtained in the other action.

The only property conveyed to the trustees, and to which the trust relates, is a parcel of real estate situate on the northerly side of 107th street, commencing 450 feet westerly from Amsterdam avenue, having a frontage of 50 feet and extending northerly in depth to the center of the block, a distance of 100 feet 11 inches.  On this appeal no attempt was made to sustain the order on these alleged separate defenses.  It is evident that the rights of the judgment creditors will not be prejudiced by the relief herein sought, which is the same as that prayed for in the action brought by them.  If the plaintiff succeeds in this action, the title will be restored to her unaffected by the declaration of trust, and the judgment against her will be a lien upon the land, and there will be no necessity of trying the action brought by the judgment creditors.  The beneficiaries under the declaration of trust are not parties

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the judgment creditors' action; but it is manifest that they are necessary parties to any action affecting the validity of the declaration of trust. The alleged defenses are therefore frivolous, and the only question requiring special consideration is that argued and to be decided on the appeal with respect to the validity of the declaration of trust.

It is alleged in the complaint that on the 13th day of February, 1908, the plaintiff conveyed the premises to the trustees, in trust for the uses and purposes expressed in a declaration of trust simultaneously executed by them; that there were two mortgages on the premises, a first mortgage for $65,000, due November 1, 1909, and a second mortgage for $23,000, due July 15, 1910, no part of the principal of which has been paid. The declaration of trust recites the conveyance of the premises, and that it was agreed that the conveyance thereof was to be upon the condition that the premises were to be held by the grantees in trust for the uses and purposes therein specially set forth; that the trustees had accepted the conveyance upon said conditions, and thereby declared:

"That they hold the premises above described in trust for the following uses and purposes: To collect the rents, income, and profits, and pay the expenses and disbursements, together with the interest and so much of the principal upon the existing mortgages according to the tenor thereof as may be necessary therefrom; also to maintain and sustain and make such repairs and improvements and alterations upon the said premises as may be necessary; to pay over the net income, after deducting the foregoing therefrom, to the said Carrie Herzig, for and during the term of her natural life; to replace existing mortgages, or so much thereof as may be remaining unpaid, with other mortgages, for such an amount as may be necessary to replace and satisfy the then existing mortgages, and for such a rate of interest and upon such terms as can best be obtained by them at the times when it shall be necessary to replace said mortgages; and upon the death of said Carrie Herzig to convey the fee simple of the said premises, subject to the mortgages and indebtedness remaining unpaid thereon, or which shall have been contracted for or shall have accrued during the time when the premises aforesaid shall have been so held by them as trustees, either for repairs, alterations, improvements, or from any other source in connection therewith, whether a lien upon the premises or not, but which are hereby declared to be and are considered as a lien thereon, unto their sisters and brothers, the children of the said Carrie Herzig, who shall survive her, share and share alike."

In the declaration of trust, the settlor on her part consented and agreed to the provisions thereof—

"and to the final disposition of said premises free and unincumbered by any other restriction or condition whatsoever, and further agree that she will execute, acknowledge, and deliver, or procure the same to be done, of any further papers or documents necessary to carry the foregoing into full force and effect, and assist in all ways in carrying out the same."

The law has been authoritatively settled in this jurisdiction that a trust to apply rents, issues, and profits to the payment of a mortgage constitutes an unlawful accumulation of income, and is in payment of the principal, void under our statute. Real Property Law, § 61, subd. 1 (Consol. Laws, c. 50, § 61, subd. 1); Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302. The learned justice at Special Term was of opinion, however, that, notwithstanding the invalidity of the provision of the declaration of trust with respect to the payment of

the principal of the mortgages from the income, the other provisions of the declaration of trust are valid, and not dependent thereon, and can therefore be sustained. Somewhat similar trusts have been sus- tained, where the primary purpose of the trust was to provide for the support and maintenance of a beneficiary for life, notwithstanding the fact that a subsequent provision of the instrument creating the trust provided for the application of surplus rents, issues, and profits to the payment of mortgages was invalid. Hascall v. King, supra; Hafner v. Hafner, 62 App. Div. 316, 71 N. Y. Supp. 1, affirmed 171 N. Y. 633, 63 N. E. 1117.

Those cases, however, are distinguishable from the case at bar, in that there the amount directed to be paid to the life beneficiary was fixed and determined by the instrument containing the trust, and was not affected by the application of income to the payment of the prin- cipal of mortgages, while here no fixed sum is directed to be paid to the life beneficiary, and the amount which she is to receive necessarily depends upon and is affected by the amount which the trustees in their discretion apply toward the payment of the principal of the mortgage, or reserve to create a fund for that purpose. It cannot, therefore, be said that the trust for the life beneficiary, which would otherwise be valid, is not inseparably connected with the void provisions for the ap- plication of income to the payment of the principal of mortgages; for the latter provisions are here a material part of the scheme which the settlor evidently had in mind and attempted to carry out by the dec- laration of trust, and therefore the entire trust is void, regardless of whether the trustees exercised the power of increasing the capital by the application of income. Matter of Butterfield, 133 N. Y. 473, 31 N. E. 515; Rice v. Barrett, 102 N. Y. 161, 6 N. E. 898; Dresser v. Travis, 39 Misc. Rep. 358, 79 N. Y. Supp. 924, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1124; Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, and an interlocutory judgment entered in favor of the plaintiff, decreeing that the declara- tion of trust is void, and directing the defendants to reconvey the premises to the plaintiff, and appointing a referee to take and state the accounts of the defendant. All concur.