EMMA MANN-VYNNE, Plaintiff, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK and WILLIAM L. DANIELS, as Sole Surviving Executor, etc., of WILLIAM D. MANN, Deceased, Defendants.

First Department, May 5, 1922.

Trusts — validity — trust is invalid to collect rents and income and pay interest and principal on incumbrances on property, to pay note of grantor, and to accumulate discretionary amount for fixed charges to accrue and to pay balance to grantor and her father — valid and invalid provisions cannot be separated — validity of trust to be determined as of time it was created.

A trust in real property is invalid under subdivision 1 of section 61 of the Real Property Law, and the grantor is entitled to have it declared void, where it appears that by the terms of the trust the trustee was to collect the rents and income of the property and to pay therefrom the interest on a mortgage against the property and a certain amount on the principal, and to pay a note against the grantor and her father and after reserving, in the discretion of the trustee, a sufficient amount to meet the fixed charges referred to in the instrument, to pay the balance to the grantor and her father.

The invalid provisions of the trust cannot be stricken out and the trust upheld as to the valid provision relating to the payment of the rents and income to the grantor and her father, since the invalid provisions relate to the first distribution of surplus rents and profits and do not constitute a fixed or definite proportion thereof and are inseparably connected with the scheme and plan of the trust.

The validity of the trust as a whole must be determined as of the time it was created and applying that rule it is clear that the void provisions cannot be eliminated without altering the purpose of the grantor.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to the provisions of section 546 of the Civil Practice Act.

Under date of February 21, 1918, the plaintiff conveyed to the defendant trust company certain premises situated in the borough of Manhattan, New York, upon certain trusts. The grantee accepted the conveyance and executed the trust as therein provided until the plaintiff questioned the validity of the trust and demanded that the trust deed be canceled and rescinded and that the premises be reconveyed to her and thereupon the trustee fully accounted to that date and this submission was made to have the controversy judicially decided. The conveyance to the trustee was made subject to a mortgage given by the plaintiff on the 26th of December, 1917, to secure her bond for the payment of $315,000 and subject to a lease for ten years from December 13, 1917, under which the rent reserved was $59,000 per annum. The provisions of the deed of trust material to a decision of the submission may be summarized as follows: The trustee was to have possession of the premises, to collect the rents and make necessary repairs, and

to keep the building insured and pay taxes, assessments and water rents, and after deducting its charges and expenses to make payments to the mortgagee on account of principal and interest in accordance with a schedule thereto annexed providing for quarterly payments on account of principal, ranging from $18,800 to $24,200 per annum for ten years, to pay a note for $40,000 and interest held by itself made by the plaintiff and her father and to pay over any surplus rent remaining after making such payments, " and after reserving in the discretion of the trustee such proportionate amounts as may be necessary to accumulate towards the payment of any fixed obligations or charge herein referred to including taxes and insurance premiums equally to the donor and to her father, William D. Mann, during their life time, semi-annually in the months of January and July of each year." The trust deed further directed the trustee upon the death of either the plaintiff or her father to continue to pay the surplus rents to the survivor of them during his or her natural life, and upon the death of the survivor " to grant, convey, assign, transfer and set over the said real property to such person or persons and in such shares and proportions as the survivor of said *cestuis que trustent* shall by his or her last will and testament direct and appoint, and in default of the exercise of such power and appointment, then to such person or persons as shall be the heir or heirs-at-law of said survivor under the statutes of the State of New York, at his or her decease." It also provided that in the event of the death of both plaintiff and her father before the payment of the principal of the indebtedness referred to in the deed of trust and interest thereon in full, the trustee was authorized to sell the premises and to pay the indebtedness in full and to pay over any balance remaining as thereinbefore provided with respect to the conveyance of the remainder after their death. The trustee was also authorized and empowered as follows: " to withhold any portion or portions of the rent, income, issues and profits collected by it as may be necessary to constitute a proportionate part of any payment herein directed to be made." The trustee with the knowledge and consent of the plaintiff and of her father paid the note in full and paid the quarterly installments provided to be paid on the mortgage down to the time of the submission. The plaintiff's father, William D. Mann, died on the 17th of May, 1920, and his sole surviving executor is a defendant.

*George B. Holbert* [*Nathan Messinger* of counsel], for the plaintiff.

*Murray, Prentice & Aldrich* [*Arthur A. Gammell* of counsel], for the defendants.

LAUGHLIN, J.:

The plaintiff contends that the provisions of the deed of trust directing the application of the rents toward the payment of the mortgage and note and interest thereon constitute an attempted accumulation of the rents and profits of real property in violation of the provisions of section 61, subdivision 1, of the Real Property Law (as amd. by Laws of 1915, chap. 670). The defendant concedes that the provisions directing the application of income toward the payment of an incumbrance on the trust property is void; but it has been authoritatively held that the prohibition of the statute applies, as the statute plainly provides, to all accumulations of rents and profits excepting those expressly allowed, and there is no statute allowing such accumulation either to pay an incumbrance on the trust property or to pay any other indebtedness or interest thereon. (*Hascall* v. *King*, 162 N. Y. 134; *Herzig* v. *Herzig*, 140 App. Div. 514.)

The other provisions of the deed of trust, if they stood alone, could be sustained as an authorized trust for the receipt and payment of rents and profits of real property for the benefit of the plaintiff and her father, who were then living. (Real Prop. Law, § 96, subd. 3, *supra.*) The learned counsel for the trustee contends that since the other provisions of the deed of trust are valid, the invalid provisions may be deleted and the trust upheld the same as if the invalid provisions had not been incorporated therein. It may be so decided to sustain a trust where the primary direction for the application of rents and profits is authorized and the invalid provisions relate only to the use of the *surplus* rents and profits, and also where the only effect of eliminating the invalid provisions will be to give the beneficiaries of the trust the entire net income from the beginning, and this result will be consistent in all other respects with the plain intent of the testator or settlor. (*Pray* v. *Hegeman*, 92 N. Y. 508; *Appell* v. *Appell*, 177 App. Div. 570; affd., 221 N. Y. 602.) The facts of this case, I think, bring it within another rule to the effect that where the invalid provisions relate to the *first* distribution of surplus rents and profits and do not constitute a fixed or definite proportion thereof and are inseparably connected with the scheme and plan of the trust then the entire trust is void. (*Herzig* v. *Herzig, supra; Graham* v. *Ackerly*, 120 App. Div. 430; *Dresser* v. *Travis*, 39 Misc. Rep. 358; affd., 87 App. Div. 632.) In *Hascall* v. *King* (*supra*) the trustee was first required to pay a fixed annuity from rents and profits and then the surplus income was directed to be applied toward the payment of mortgages, and the trust for the annuitant was sustained. Here, however, the unlawful direction for an accumulation

precedes the authorized provisions, and, moreover, the trustee was vested with broad discretion to withhold from the rents and profits as they accrued such amount as it deemed necessary for the discharge of the indebtedness, which had not accrued.  The validity of the trust as a whole is to be decided as of the time it was created, and it is perfectly plain that the void provisions could not be eliminated without altering the purpose of the settlor.  She was personally liable for the payment of the note and the indebtedness secured by the mortgage, and she intended that those obligations should be paid in the manner provided by the application of the rents and profits of the trust property and that she and her father or the survivor of them should only receive such part of the surplus income as the trustee might deem it proper to apply to their use without jeopardizing the ultimate discharge of these obligations as contemplated.  I see no theory on which the court would be warranted in holding that the deed of trust shows that the plaintiff intended that if the discharge of these obligations as directed was not authorized, the entire net income should be divided between her and her father and should go to her father for life in the event that he should survive her leaving her bond and note charges against her remaining estate.  If I am right in these views the entire trust was void, and under our decision in *Herzig* v. *Herzig* (*supra*) the plaintiff is entitled to have the trust deed declared void and canceled of record, and it becomes unnecessary to consider the other point with respect to whether the plaintiff would be entitled to a reconveyance on the theory that owing to the death of her father and to the fact that she has a power of appointment with respect to the remainder, her life estate and the fee have become merged, which would involve the decision of a point of law not free from doubt.  (See *Doctor* v. *Hughes*, 225 N. Y. 305; *Smith* v. *Terry*, 38 App. Div. 394; affd., 166 N. Y. 632.)

It follows that the plaintiff is entitled to judgment declaring the deed of trust void and canceling it of record, but without costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment ordered for plaintiff, without costs.  Settle order on notice.